PER CURIAM.
Joseph McMillian appeals the denial of his post-conviction motion in which he raised three allegations of ineffective assistance of his trial counsel. We affirm the denial of two of the claims. The remaining one was not conclusively disproved by the record and therefore requires an evidentiary hearing.
McMillian was convicted of robbery with a deadly weapon, aggravated battery on a person over 65 years, and burglary of a conveyance. He complains that his attorney failed to present the testimony of alibi witness Cheryl Adams, who was listed as a defense witness. McMillian alleges that Ms. Adams would have testified that at the time of the crime, she saw him helping his sister move into her new apartment. If Ms. Adams had so testified, she would have confirmed McMillian’s sister’s testimony. While two other alibi witnesses testified at trial, neither one could be certain about when they had seen the appellant at his sister’s apartment.
*103 The state argues that counsel either made a strategic decision not to call this witness or took reasonable steps to secure her attendance at trial. The record does not clearly support either conclusion, so a hearing is required. Anthony v. State, 660 So.2d 374, 376 (Fla. 4th DCA 1995)(hearing is usually required to determine whether act or omission was a reasonable strategic choice). We reverse the order denying the motion and remand for an evidentiary hearing on this allegation only. At the hearing, McMillian will have the burden of demonstrating the likelihood that Ms. Adams’ testimony would have affected the verdict.
GUNTHER, POLEN and FARMER, JJ„ concur.