718 So.2d 827 (1998)
Kevin COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0837.
District Court of Appeal of Florida, Fourth District.
July 15, 1998.
Opinion Denying Rehearing October 19, 1998.
*829 Carey Haughwout of Tierney & Haughwout, West Palm Beach, for appellant.
No appearance required for appellee.
STONE, Chief Judge.
We affirm an order summarily denying Appellant's motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant sought relief on grounds of newly discovered evidence, ineffective assistance of counsel, and juror misconduct.
Newly discovered evidence must consist of facts which were unknown at the time of trial, and it must appear the defendant or defense counsel could not have known those facts by the use of diligence. See Jones v. State, 591 So.2d 911, 916 (Fla. 1991). Here, all the facts asserted were known at the time of trial. Appellant and defense counsel knew of the four possible witnesses who did not testify at trial, as the record shows they had attempted to secure their testimony at trial. Moreover, their proposed testimony would have been only cumulative in any event. See State v. Spaziano, 692 So.2d 174, 176 (Fla.1997). Therefore, the claim does not meet the requirement that it would probably produce an acquittal on re-trial.
In order to demonstrate ineffective assistance of counsel, a claimant must show that counsel's performance was deficient and that there is a reasonable probability that such deficiency affected the outcome of the trial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Provenzano v. State, 616 So.2d 428, 431 (Fla.1993). Appellant's first contention of ineffective assistance relates to the failure to present cumulative testimony, which does not constitute ineffective assistance. See Jennings v. State, 583 So.2d 316, 321 (Fla. 1991) (not negligent to fail to call everyone who might have information about an event). The standard gives deference to defense counsel's judgment and recognizes that the defense could otherwise hold out a witness with cumulative knowledge to present as evidence on a rule 3.850 motion for ineffective assistance.
Appellant's second instance of ineffective assistance is defense counsel's failure to object contemporaneously to a witness' identification of Appellant as the shooter. However, the issue of whether the identification was admissible was raised and fully considered on the merits on Appellant's motion for new trial and on appeal; the real issue here is whether the result would have differed had counsel raised it earlier. There is no basis in this record from which to conclude that the trial court would have ruled differently if the question had been raised earlier, or that this court then would not have upheld the admissibility of the identification on appeal. Therefore, there is no demonstrated prejudice.
Appellant's third instance of ineffective assistance was counsel's failure to present a viable defense. This ground did not allege a specific, identifiable act, but generally questioned counsel's trial strategy. The record excerpts attached to the state's response indicate that defense counsel presented a competent defense based on alibi and misidentification.
The standard is reasonably effective counsel, not perfect or error-free counsel. See Jennings, 583 So.2d at 321; Waterhouse v. State, 522 So.2d 341 (Fla.1988). A claimant seeking post-conviction relief based on ineffective assistance of counsel faces a heavy burden, which requires, as a first prong, that the movant:
must identify the specific omission and show that counsel's performance falls outside the wide range of reasonable professional assistance. In evaluating this prong, courts are required to (a) make every effort to eliminate the distorting effects of hindsight by evaluating the performance from counsel's perspective at the time, and (b) indulge a strong presumption that counsel has rendered adequate assistance and made all significant decisions in *830 the exercise of reasonable professional judgment with the burden on claimant to show otherwise.
Blanco v. Wainwright, 507 So.2d 1377, 1381 (Fla.1987). We conclude that the record attached to the state's response refuted the allegation.
With respect to the juror misconduct claim involving juror Fitzpatrick's failure to disclose his arrest record, Appellant's allegations are insufficient. In Mitchell v. State, 458 So.2d 819, 821 (Fla. 1st DCA 1984), it was recognized that relief may be afforded as to a juror's untruthful response when
(1) the question propounded is straightforward and not reasonable [sic] susceptible to misinterpretation; (2) the juror gives an untruthful answer, (3) the inquiry concerns material and relevant matter to which counsel may reasonably be expected to give substantial weight in the exercise of his peremptory challenges; and (4) there were peremptory challenges remaining which counsel would have exercised at the time the question was asked; and (5) counsel represents that he would have peremptorily excused the juror had the juror truthfully responded.
Id.
Here, the motion does not state for what offenses Fitzpatrick was arrested, whether any of them were serious, whether the defense had any peremptory challenges available at the time which could have been used to challenge Fitzpatrick, or why Appellant would have challenged a juror whose arrest record might have prejudiced him against law enforcement officers.
Further, Appellant's motion failed to allege the prejudice which must be established in order for the trial court to grant a new trial based on juror misconduct. Fla. R.Crim. P. 3.600(b)(4). Fitzpatrick's failure to acknowledge his arrests cannot be presumed to have created such "a clear perception of unfairness" that "the integrity and credibility of the justice system is patently affected," Lowrey v. State, 705 So.2d 1367, 1369-70 (Fla. 1998). It is also clear that Fitzpatrick's post-trial statement to the media cannot be the basis for a new trial based on juror misconduct. See Travent, Ltd. v. Schecter, 678 So.2d 1345 (Fla. 4th DCA 1996).
Therefore, the trial court's order is affirmed.
DELL and STEVENSON, JJ., concur.

APPELLANT'S MOTION FOR REHEARING IS DENIED
The record reflects that at the trial, Appellant presented two eyewitnesses to the shooting. One, a friend of the victims, testified he saw the shooting and Appellant was not the one he saw shooting; the other, Shawn Anderson, testified that he saw Bobby Roddy being shot by a man who was not Appellant. Other defense witnesses testified that they were at Roadburners that evening and did not see Appellant there. Still other defense witnesses testified that Appellant was in the vicinity of the corner of Avenue "S" and 26th Street at the time of the shootings, half a mile to a mile from Roadburners. Appellant did not testify.
Two of Appellant's grounds for post-conviction relief relate to additional testimony which Appellant hoped to present at a new trial. In his newly discovered evidence ground, Appellant claimed two additional eyewitnesses to the shooting, Kimble Davis and Rodrick Vann, would testify they saw Darian Dajuan Early commit the offenses. Two others, Sam Holmes and Lamont Davis, would testify they saw the shooting and Appellant was not the shooter. In his ineffective assistance of counsel ground, Appellant argued, inter alia, that counsel was ineffective in failing to locate, subpoena, and present the testimony of the same witnesses listed in the newly discovered evidence ground.
In this court's opinion affirming the trial court's denial, we concluded that the trial court did not err in denying an evidentiary hearing on those two grounds because the proposed evidence would be merely cumulative to evidence already presented at trial. See Williamson v. Dugger, 651 So.2d 84, 88 (Fla.1994) (affirming summary denial of post-conviction motion, including claim of newly discovered evidence, which constituted cumulative impeachment evidence), cert. denied, *831 516 U.S. 850, 116 S.Ct. 146, 133 L.Ed.2d 91 (1995).
In his motion for rehearing, Appellant argues that the evidence of the new witnesses is more than merely cumulative because it would have cast reasonable doubt on Appellant's guilt, and because it would have made Anderson's testimony more believable, in view of the fact that he was a convicted felon. However, the motion did not note the criminal history of the proposed new witnesses. One feature of this trial was that all the witnesses except one state witness were convicted felons, including victim Smith. We note that Appellant's motion does not state why the new witnesses would be any more credible than the ones who testified at trial. In any event, there is no authority that such a factor is a basis for requiring an evidentiary hearing. Compare Seals v. State, 634 S.W.2d 899, 907-08 (Tex.App.1982) (affirming conviction, and noting that defendant's procuring qualitatively more credible witnesses did not entitle him to new trial based on newly discovered evidence, where evidence would have corroborated defendant's alibi so therefore was not newly discovered, was cumulative, and would not produce a different result at another trial).
Appellant also argues on motion for rehearing that his allegations meet the requirements specified in Jackson v. State, 711 So.2d 1371 (Fla. 4th DCA 1998), in which this court recently noted that a post-conviction movant may be able to demonstrate ineffective assistance by counsel's failure to call witnesses if they may be able to cast doubt on the movant's guilt and the movant states their names and the substance of their testimony. In Jackson, however, there was no issue of cumulative testimony.
We have also considered McMillian v. State, 717 So.2d 102, 23 Fla. L. Weekly D1933 (Fla. 4th DCA 1998). There, this court reversed, and remanded for an evidentiary hearing, the summary denial of a motion alleging counsel's ineffectiveness for failure to present an alibi witness whose testimony added to that of the two alibi witnesseswho testified at trial to seeing Appellant at his sister's apartment, but could not be certain whenthat he was there at the time of the crime. However, in that material respect, the testimony in that case would not have been cumulative. No such non-cumulative testimony is at issue in the instant case.
Therefore, the motion is denied both as to the claim of newly discovered evidence and of ineffective assistance of counsel.