[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The pro se petitioner in this action has filed an amended petition on January 2, 2001, which alleges the following claims: (1) Newly discovered evidence; (2) Failure of State's Attorney to disclose exculpatory evidence; and (3) Newly discovered evidence of alibi testimony.
The first count alleges that Ovil Ruiz committed perjury at the criminal trial when the petitioner was convicted of two counts of murder and felony murder on May 10, 1995. Ovil Ruiz testified under oath at that trial. On February 22, 1996, the petitioner alleges Ovil Ruiz stated to the F.B.I. that he had lied at the trial and the petitioner had nothing to do with the crimes for which the petitioner was convicted.
The evidence in this case has established that October 11, 1990, in the early hours of the morning, Ricardo Turner and Edward Lamont Fields were shot dead. The killings occurred at 634 Howard Avenue, New Haven, Connecticut. The petitioner and Stefon Morant were arrested and charged with two counts of murder and two counts of felony murder. On January 13, 1991, Ovil Ruiz was arrested and brought to the Detective Division for questioning. The statement from Ruiz was tape recorded on January 14, 1991. In that statement Ruiz states he had sold drugs for the petitioner and Morant for two years. Ruiz said he over heard a discussion between Morant and the petitioner that the petitioner shot two guys who tried to run away with my money and my drugs. Ruiz later saw the CT Page 13468-dr petitioner throw the murder weapon into the water near the Chapel Street bridge.
Ruiz then remained in custody until March 19, 1991, when he was released. On April 11, 1991, he was rearrested and convicted thereafter on larceny and narcotics charges. On May 28, 1991, Ruiz tape recorded and signed a statement in the office of the State's Attorney in the presence of his attorney, David Gold and Detective Raucci. In that statement he stated he obtained guns for the petitioner and Morant and drove them to the scene of the crime where the petitioner and Morant went into the house. He then heard shots and saw the petitioner come out with a bag of money, and Morant with a Puma bag containing drugs.
At the trial of the petitioner, Ruiz was presented as a state's witness. He was extensively questioned by the attorney for the petitioner while he was under oath. He testified he was in danger in the general prison population because of his cooperation with the police and the state's attorney in the prosecution of the petitioner. Ruiz was a key witness for the state, and the petitioner raised questions as to his mental health both at the trial and in the appeal to the Supreme Court.
On February 22, 1996, Ruiz while in prison gave a statement to the F.B.I. He then stated that Detective Raucci, who had recently been suspended and arrested by the New Haven Police Department, was involved with drug dealers named Armando and Raul Luciano, Frank Parese and a Colombian named "Loco." He stated they killed the victims not the petitioner and Morant. Ruiz said he was used to "set up" the petitioner by Detective Raucci and Parese's drug distribution operation.
On October 24, 1996, Ruiz gave a different statement to the F.B.I. that he had killed Edward Lamont Fields when he fired shots into his chest with a .357 caliber revolver, and Raul shot Turner with a .38 caliber revolver. At the petitioner's trial the physical evidence established both victims were murdered by a .347 caliber weapon, and they both were shot in the back.
On February 16, 1997, Ruiz gave a final statement to the F.B.I. that he was pressured to lie to the F.B.I. and the statement he gave regarding Detective Raucci and State's Attorney Gold was false. Ruiz then stated the testimony he had given at the trial of the petitioner in 1995, was the truth.
At the hearing on this habeas petition the petitioner presented Ovil Ruiz as a witness. Ruiz then invoked his constitutional privilege against CT Page 13468-ds self-incrimination and he refused to testify based upon his exposure to murder and perhaps perjury charges for his involvement in the murders.
The claim of the petitioner that Ovil Ruiz had testified falsely at the criminal trial of the petitioner has not been proven. False testimony may only be the basis of a new trial when: "(a) the court is reasonable well satisfied that the testimony given by a material witness is false; (b) that without it the jury might have reached a different conclusion; (c) that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it . . ." Prudlik v. State,131 Conn. 682, 687 (1945); Talton v. Warden, 33 Conn. App. 171, 177
(1993).
The petitioner has filed a post trial brief which discussed the statement taken from Ovil Ruiz on January 14, 1991. He argues that Detective Sergent Sweeney was critical of Detective Raucci. He contends Detective Raucci therefore, conveyed false or misleading information to Ruiz. Detective Sweeney's testimony at the trial of Morant disclosed that the information provided by Detective Raucci was insignificant and did not disclose the names of the petitioner or Morant. It also did not reveal numerous other significant facts which were disclosed by Ovil Ruiz in his statements as well as his testimony at the trial of the petitioner. The statements obtained from Ruiz on January 14, 1991, and May 28, 1991, were available to the petitioner at the time of his trial. The evidence relating to those statements was known or available at the time of trial and it is not now newly discovered evidence. "Newly discovered evidence must consist of facts which were unknown at the time of trial, and it must appear [that] the defendant or defense counsel could not have known those facts by the use of [due] diligence." Coleman v. State,718 So.2d 827, 829 (Fla.App. 1998). "Due dingence means doing everything reasonable . . ." Williams v. Commission, 41 Conn. App. 515, 528 (1996).
The argument of the petitioner in his brief that Detective Sweeney had evidence of Ruiz untruthfulness in his statements in 1991, has not been proven by the petitioner. This court is not persuaded that Detective Sweeney's knowledge constituted new evidence that would probably result in a different verdict at a new trial, or that an injustice has been done. Lombardo v. State 172 Conn. at 391 citing Prodlik v. State131 Conn. 686.
The petitioner has failed to sustain the burden of proving the claims made in the first count. Lubesky v. Bronson, 213 Conn. 97, 110 (1989). Ruiz has not testified in this habeas proceeding. His testimony in the trial of the petitioner was credible because it was under oath and CT Page 13468-dt subject to cross examination by the attorney for the petitioner. The testimony was also consistent with other credible evidence including Morant's confession to his involvement with the petitioner. The statements given to the F.B.I. in 1996, by Ruiz while he was incarcerated, were given under circumstances that are unlikely to be reliable. Smith v. State 139 Conn. 249, 252-53 (1952). The 1996 recantations were not credible, and therefore, the petitioner has failed to prove Ruiz testified falsely in 1995.
Count two of this habeas petition alleges the State's Attorney failed to disclose exculpatory evidence that Ovil Ruiz had supplied untrustworthy and false information in prior police reports on December 19, 1990, and December 20, 1990. The report on December 19, 1990, related to the Javier Torre's shooting and it was prepared by Detective Raucci. The petitioner claims Ovil Ruiz gave untrustworthy and false information regarding this incident.
In this count a similar claim of false or untrustworthy information was given by Ovil Ruiz in the police report of December 20, 1990, which related to the murder of Jacqueline Shaw.
The final claim alleged by the petitioner in this count is that the State failed to disclose exculpatory information to the defense relating to the statement taken from Ovil Ruiz on January 14, 1991. He alleges Detective Raucci gave false information to Ruiz and Detective Sweeney failed to disclose to the defense that Ruiz was untrustworthy. Petitioner also claims Ruiz committed perjury at the probable cause hearing.
The testimony of Detective Michael Sweeney, who was unavailable to testify in this matter, was admitted by filing of a transcript of his testimony on October 25, 1999. That transcript discloses the only information Detective Raucci allegedly disclosed to Ruiz prior to his statement on January 14, 1991, related to an apartment on Howard Avenue; the color of the buildings and the petitioner's car was a BMW. Other insignificant facts were mentioned as part of the questioning technique. The petitioner has failed to prove that any critical information was disclosed by Detective Raucci, or that he provide any false information to Ruiz.
The claim of the petitioner that exculpatory information was not provided to the defense prior to the trial in 1995, has not been proven. This court finds not only was all exculpatory evidence furnished to the defense, but also the alleged evidence was available by due diligence to the defense, and the petitioner was obliged to raise his claims before CT Page 13468-du the trial court or the Appellate Court. The petitioner has failed to sustain the heavy burden to establish "that the prosecution suppressed evidence." State v. McIntyre 242 Conn. 318, 323 (1997).
Count three of the habeas petitioner alleges that newly discovered evidence uncovered by the F.B.I. supports and corroborates the alibi testimony presented at his trial in 1995. The petitioner alleges the F.B.I. verified the testimony of Jeffrey Rockler, Christopher Corcoran and Cindy Reuter that the petitioner was at work at Minuteman Press when the murders of Edward Lamont Fields and Ricardo Turner occurred.
This count by an amendment also alleges that the petitioner claims newly discovered evidence establishes he is innocent. This amendment states that Ovil Ruiz in his statement of October 24, 1996 confessed to killing Edward Lamont Fields and that Raul Luciano killed Ricardo Turner.
At the trial of the petitioner in 1995, he presented an alibi defense that he had worked the entire night at the Minuteman Press. The jury rejected that defense and found the petitioner guilty of the offenses charged. State v. Lewis, 245 Conn. 779, 785. The new claims alleged by the petitioner are not credible, nor are they newly discovered evidence. On August 4, 1999, the Connecticut Supreme Court unanimously rejected the claims of the petitioner regarding his alleged alibi, and his claims of innocence, and affirmed the judgment of the trial court.
For the foregoing reasons, the petition for a writ of habeas corpus is dismissed.
Howard F. Zoarski Judge Trial Referee