GROSS, J.
Ulysses Gonzalez was convicted of eight crimes involving sexual activity with his sister-in-law, who was under the age of fourteen at the times the crimes occurred. We affirm and write to address one issue.
At trial, Gonzalez sought to introduce the testimony of his wife, the victim’s sister, that the victim had the reputation within the family for telling falsehoods. The trial court sustained the state’s objection, ruling that the victim’s reputation within the family was “too narrow, not a sufficient community” to be permissible.
Section 90.609, Florida Statutes (2002) permits a party to attack the credibility of a witness “by evidence in the form of reputation” relating to truthfulness. Before a reputation witness may testify under section 90.609, “a foundation must first be laid to establish” that the reputation witness “is aware of the witness’s reputation for truthfulness in the community.” Lott v. State, 695 So.2d 1239, 1242 (Fla.1997). The “community from which the reputation testimony is drawn [must be] sufficiently broad to provide the witness with adequate knowledge to give a reliable assessment.” Larzelere v. State, 676 So.2d 394, 399 (Fla.1996).
A person’s family is too narrow a segment of the community to be the source of reputation testimony under section 90.609. In Lott, the defendant sought to question a key witness’s brother about the witness’s reputation in the family for truthfulness. The testimony proffered by the brother indicated that his testimony was “based on his and his family’s personal experiences with [the witness] rather than on any broad-based knowledge of the community’s opinion of [the witness’s] reputation for truthfulness.” Lott, 695 So.2d at 1242. The supreme court held that the trial court did not abuse its discretion in refusing to admit the testimony. Lott compels a similar ruling in this case.
Gonzalez argues that because the victim was only fifteen years old at the time of trial, she “must necessarily have [had] a restricted ‘community’ in which her reputation for truthfulness would be legitimately known.”
However, a witness’s youth does not contract the breadth of “community” necessary for section 90.609 impeachment. “Reputation is the composite description of what people in a substantial segment of a particular community have said or are saying about an individual. The evidence is thought to be reliable because it is a distillation of those views.” ChaRles W. Eh-RHARDt, Florida Evtoenoe § 609.1, at 501 (2002 ed.). The breadth of a community in which a reputation is formed enhances the reliability of the reputation evidence. For this reason, the supreme court has written that “reputation evidence ‘must be based on discussions among a broad group of people so that it accurately reflects the person’s character, rather than the biased opinions or comments of ... a narrow segment of the community.’ ” Larzelere, 676 So.2d at 400 (citation omitted).
AFFIRMED.
WARNER and STEVENSON, JJ., concur.