PER CURIAM.
Brandon Bishop appeals his conviction for first degree attempted murder with a weapon. Raising numerous issues on appeal, we affirm on all issues. The only issue we discuss is whether there was sufficient evidence of premeditation.
Bishop and the victim had dated for several years. Before the attack, the victim had broken up with Bishop. Even after the romantic relationship ended, the two continued to associate. On the day of the attack, Bishop invited the victim to a movie. When the victim arrived at his house, Bishop became so focused on what he was about to do that he could not follow the conversation. Once inside his house, he beat the victim in the head with a sledgehammer five or six times. His mother ran from another room in the house and stopped him. She explained that he did not look like himself; he looked possessed. Bishop ran from the scene, but was picked up by a police officer soon after. Prior to being apprehended, Bishop sent text messages to several friends, explaining what he had just done and that he was going to be imprisoned for it.
Several lay and expert witnesses testified regarding Bishop’s mental state, his ability to plan, and whether he had thought about killing the victim. Two experts testified that Bishop suffered from a psychotic break and would not have been “in the driver’s seat of his behavior.” Another two experts testified that Bishop had depression, which would not affect his ability to plan. The latter two experts explained why a psychotic break was not a reasonable diagnosis. Bishop would not remember parts of the event; his memory would be wiped clean. But, more importantly, they testified as to Bishop’s admissions.
Bishop admitted to one of the State’s testifying experts that he had wrestled with the idea of attacking and killing the victim for at least two weeks. He purchased a sledgehammer because it would be the best weapon as it would not implicate any of his loved ones. In a videotaped evaluation, he also admitted to having the victim come over to his house a week prior to the attack so that he could hit her with the sledgehammer; however, his conscience did not allow him to attack her at that time.
“Premeditation is a fully formed conscious purpose to kill that may be formed in a moment.” Asay v. State, 580 So.2d 610, 612 (Fla.1991) (citations omitted). It may be established by inference from the type or “nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed, and the nature and manner of the wounds inflicted.” Green v. State, 715 So.2d 940, 943 (Fla.1998) (citations omitted).
When premeditation is based solely upon circumstantial evidence, a motion for judgment of acquittal “should be granted unless the State can present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.” Kirkland v. State, 684 So.2d 732, 734 (Fla.1996) (citation omitted) (internal quotation marks omitted). However, where the cir *1194 cumstantial evidence is inconsistent with any reasonable exculpatory hypothesis, a motion for judgment of acquittal may be denied. Id.
Here, there was evidence that Bishop informed mental health examiners of his intent to kill the victim prior to the attack. Bishop admitted to purchasing the sledgehammer and inviting the victim to his house to use it on her a week prior to the attack. The State presented evidence that Bishop selected the type of weapon to minimize the involvement of his family. Although Bishop contended that he had blacked out during the attack, there was evidence he sent text messages after the attack, which would indicate he knew what he had done. The combination of evidence as to his behavior before and immediately after the attack was sufficient to circumstantially show that Bishop committed the attempted killing according to a preconceived plan.
As we explained in Kirkland, the defendant’s mental shortcomings are not controlling. Id. at 735. Rather, as quoted above, the proper inquiry is whether the record contains sufficient evidence so as to refute any reasonable hypothesis of the defendant’s state of mind other than premeditation. We find there was competent substantial evidence to demonstrate that Bishop had premeditated the attack from which the jury could reasonably conclude that there was no other hypothesis of Bishop’s state of mind except that he consciously intended to commit murder. Therefore, we affirm.

Affirmed.

POLEN, CONNER, JJ„ and McMANUS, F. SHIELDS, Associate Judge, concur.