DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DOMINIQUE BRICE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4192

[October 1, 2014]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312008CF000743A.

Dominique Brice, Florida City, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Dominique Brice appeals an order summarily denying her rule 3.850 motion. We reverse as to ground one, and otherwise affirm.

Brice was charged with two counts of vehicular homicide after she lost control of her vehicle and struck and killed two men, who had been standing at the side of the interstate highway beside their motorcycles. Although she and her brother—a passenger in her vehicle—testified at trial that external traffic conditions caused her to lose control, numerous state witnesses testified that she was speeding, weaving, and driving recklessly before the accident. She was found guilty as charged and sentenced to 222 months (18.5 years) in prison, the lowest permissible sentence generated by her Criminal Punishment Code scoresheet.[1]

---

[1] The sentence was structured as 15 years in prison for count I, and 3.5 years in prison, followed by 5 years of probation, for count II.

In ground one, Brice claims that trial counsel was ineffective in failing to properly convey a five-year plea offer allegedly made by the state. She asserts that she rejected the offer because counsel advised her to do so, failing to properly evaluate the facts of the case and explain the likelihood of a conviction and lengthy sentence. She alleged that there was a reasonable probability that she would have accepted the offer and that the plea would have been entered without the prosecutor withdrawing it or the judge refusing to accept it. She explained that, despite the overwhelming evidence that she had caused the death of the victims by recklessly operating a motor vehicle, counsel told her the state "had no case" and told her to "reject the plea offer." Counsel also allegedly failed to inform her that she could avoid the lifetime suspension of her driver's license by accepting the offer.

In *Morgan v. State*, 991 So. 2d 835 (Fla. 2008), the supreme court held that an allegation that counsel was ineffective for misadvising the defendant to reject a plea offer could entitle a defendant to an evidentiary hearing. But, "[s]ome specific deficiency on the part of counsel must be alleged[,]" such as, an "allegation that counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of [the] case or that counsel had not investigated or otherwise was not familiar with the case." *Id.* at 841.

After the Supreme Court of the United States issued *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), the Florida Supreme Court decided *Alcorn v. State*, 121 So. 3d 419 (Fla. 2013). Now, to show prejudice in such cases, the defendant must demonstrate a reasonable probability that: (1) the defendant would have accepted the offer had counsel advised the defendant correctly; (2) the prosecutor would not have withdrawn the offer; (3) the court would have accepted the offer; and (4) the conviction or sentence would have been less severe than the judgment and sentence imposed. *Id.* at 430.

Brice made all these allegations, including that counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of this case. The motion specified that counsel should have been aware of the strength of the state's case from witness statements and depositions. She attached a summary of the testimony given by the state's witnesses at trial. We conclude that the claim was sufficiently pleaded and reverse the summary denial of this ground for further proceedings. We affirm the summary denial of Brice's remaining grounds without further discussion.

2

*Affirmed in part. Reversed in part and remanded.*

WARNER, TAYLOR and MAY, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***