DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLOYD WASHINGTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-2023

[ September 30, 2015 ]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 09-010676 CF10A.

Floyd Washington, Live Oak, Pro Se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jiminez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the summary denial of appellant's Second Amended Motion for Post-Conviction Relief, except as to his claim that trial counsel acted ineffectively in not calling the appellant's girlfriend as an alibi witness at appellant's trial. This claim is not conclusively refuted by the record, and appellee's argument that counsel made a "strategic decision" not to call the witness generally requires an evidentiary hearing. *Anthony v. State*, 660 So. 2d 374, 376 (Fla. 4th DCA 1995) ("The determination that defense counsel's actions in not raising an alibi defense or calling alibi witnesses were tactical decisions is best made after an evidentiary hearing unless the record conclusively refutes the allegations.") (citations omitted); *Wiggins v. State*, 790 So. 2d 1137, 1138 (Fla. 4th DCA 2001); *McMillian v. State*, 717 So. 2d 102, 103 (Fla. 4th DCA 1998).

Accordingly, we reverse and remand for an evidentiary hearing as to Subpart B of Ground One of appellant's Second Amended Motion for Post-Conviction Relief.

*Affirmed in part, Reversed in part, and Remanded with directions.*

WARNER, TAYLOR and FORST, JJ., concur.

*      *      *

*__Not final until disposition of timely filed motion for rehearing.__*