PER CURIAM.
Inestin Petit-Homme appeals a trial court order summarily denying his motion for postconviction relief. We affirm as to ground one and reverse and remand as to ground two.
Appellant was convicted in 1999 of four counts of armed kidnapping. He was sentenced to life in prison with a three year mandatory minimum term. He appealed and this Court per curiam affirmed in Petit-Homme v. State, 845 So.2d 209 (Fla. 4th *849 DCA 2003). In this motion for postconviction relief filed in January 2016, appellant raised two grounds. We affirm the trial court’s summary denial of ground one without further discussion.
In ground two, appellant claimed newly discovered evidence of ineffective assistance of his trial counsel for failure to inform him that the State had made, a pretrial plea offer of 20 to 40 years in prison. He alleged that his half-brother Inescio informed him of the offer after a “chance encounter” with defense counsel, Kirk Barrow, in a parking lot. Appellant alleged Barrow never informed him of the plea offer,[1] He told Inescio he did not convey the plea offer because he believed he could have won at trial. Appellant alleged Ines-cio did not share the information with him until January 2014. In his affidavit filed with this motion, Inescio alleged that he did not understand the significance of his discussion with Attorney Barrow and would have notified appellant about it sooner had he known the information was time sensitive. He said that once he told appellant of the offer, appellant asked him to prepare an affidavit as soon as possible.
Failure of counsel to convey a plea offer can constitute ineffective assistance of trial counsel. See e.g. Jacques v. State, 193 So.3d 1065 (Fla. 4th DCA 2016). Appellant’s claim comports with Alcorn v. State, 121 So.3d 419 (Fla.2013). Appellant said he would have accepted the offer, as would the trial judge, given “the general practice of accepting plea negotiations between the State and the defense.” He also alleged the prosecutor would not have withdrawn the offer. The record does not refute the claim. Brice v. State, 162 So.3d 81, 83 (Fla. 4th DCA 2014).
The trial court summarily denied relief on this ground based on the State’s response that argued appellant failed to allege or demonstrate that he could not have raised this claim within two years of his adjudications becoming final. We disagree. Knowledge of the plea offer by appellant’s half-brother is not imputed to appellant. The trial court said the half-brother had unique access to appellant, but no record evidence supports this finding. Even if this were documented, it would not necessarily have meant that appellant learned of the plea offer within two years of his conviction and sentence becoming final, or should have discovered it by exercise of due diligence. ■
The issue of due diligence was adequately pled, but can be considered on remand for either an evidentiary hearing on this claim or record attachments refuting it.
Affirmed in part, reversed in part and remanded,
MAY, DAMOORGIAN and GERBER, JJ., concur.

. According to the State's response filed below, Attorney Barrow died in November 2012.