Per Curiam.
Brandon Bishop appeals the summary denial of his rule 3.850 motion for post-conviction relief. We conclude that three of Bishop’s claims require an evidentiary hearing because they are legally sufficient and not conclusively refuted by the record provided. We affirm the denial of Bishop’s remaining claims without comment.
Following a jury trial in 2009, Bishop was convicted of attempted first degree murder and sentenced to ninety-nine years in prison. We affirmed the conviction and sentence on direct appeal. Bishop v. State, 100 So.3d 1192 (Fla. 4th DCA 2012). Bishop timely filed a rule 3.850 motion, which the trial court summarily denied based on the State’s response. Only five of the original eleven claims of ineffective assistance of counsel are preserved on appeal. See Hammond v. State, 34 So.3d 58, 59 (Fla. 4th DCA 2010).
Our standard of review is well-established:
To uphold the trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we must accept the defendant’s factual allegations to the extent they are not refuted by the record.
Peede v. State, 748 So.2d 253, 257 (Fla. 1999) (citation omitted) (citing Lightbourne v. Dugger, 549 So.2d 1364, 1365 (Fla. 1989)). We are cognizant that “strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct.” Occhicone v. State, 768 So.2d 1037, 1048 (Fla. 2000). However, such a determination generally requires an evidentiary hearing. Washington v. State, 187 So.3d 244 (Fla. 4th DCA 2015).
We conclude that Bishop is entitled to an evidentiary hearing on the following three claims: (1) counsel was ineffective for failing to move to disqualify the trial judge on the ground that he had improper communications with the victim’s family; (2) counsel was ineffective for failing to have Bishop’s competency evaluated at the time of the trial; and (3) counsel was ineffective for failing to adequately advise Bishop regarding his right to exclude evidence of his invocation of his right to counsel upon arrest. These claims are legally sufficient and are not conclusively refuted by the record provided.
We therefore reverse and remand for an evidentiary hearing as to the three claims set forth above. We affirm the summary denial of Bishop’s remaining claims without comment.

Affirmed in part, Reversed in part, and Remanded.

TAYLOR, FORST and KLINGENSMITH, JJ., concur.