DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TYLER MOOK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1422

[ March 25, 2020 ]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 2014CF001493A.

Robert David Malove of The Law Office of Robert David Malove, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Tyler Mook appeals the summary denial of his Rule 3.850 motion for postconviction relief. We reverse only as to the first claim in his motion (Ground One).

Mook was charged with attempted first-degree murder for throwing his girlfriend off his boat, jumping into the water after her, and pushing her underwater at least twice. He was found guilty of attempted second-degree murder as a lesser included offense and sentenced to twelve years in prison. On direct appeal, we affirmed the conviction but reversed an award of costs to the State for bringing witnesses from Tennessee to testify at sentencing. *Mook v. State*, 231 So. 3d 8 (Fla. 4th DCA 2017).

In Ground One of his Rule 3.850 motion, Mook claimed that his defense counsel was ineffective for misadvising him to reject a plea offer of five years in prison. He alleged that counsel told him the State could prove only a misdemeanor (battery or culpable negligence) because it could not prove premeditation or intent to kill. Mook alleged that counsel's advice

to reject the plea was unreasonable under the facts and circumstances of the case because he failed to properly evaluate the likelihood of a conviction for attempted second-degree murder, which does not require proof of premeditation or intent to kill. *See Brice v. State*, 162 So. 3d 81, 82–83 (Fla. 4th DCA 2014) (reversing the summary denial of a Rule 3.850 motion and remanding for an evidentiary hearing on a claim that counsel's advice to reject a plea offer was unreasonable because he failed to properly evaluate the strength of the State's case and explain the likelihood of a conviction). Mook also alleged a reasonable probability that, but for counsel's advice, he would have accepted the plea and it would have been entered without the State withdrawing it or the judge refusing to accept it. *See Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013).

Mook's claim of ineffective assistance of counsel was sufficiently pled, and the trial court erred by finding without an evidentiary hearing that counsel's advice to reject the plea offer was a reasonable strategic decision. *See, e.g.*, *Washington v. State*, 187 So. 3d 244 (Fla. 4th DCA 2015). We therefore reverse the summary denial of Ground One and remand for an evidentiary hearing. We affirm the summary denial of Mook's other grounds for relief without further discussion.

*Affirmed in part, Reversed in part, and Remanded.*

GROSS and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**