DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YUNIOR GALVEZ CASANAS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1895

[May 6, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 432010CF000755A.

Antony P. Ryan, Regional Counsel, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Yunior Galvez Casanas appeals from the summary denial of one claim in his Florida Rule of Criminal Procedure 3.850 motion. Following a jury trial, he was convicted of first-degree felony murder, burglary of a dwelling with an assault or battery while armed, and attempted robbery with a deadly weapon and sentenced to life in prison. The State's only direct evidence of Casanas's involvement was testimony from a codefendant, Osmaidy Cala.

After Casanas's convictions were affirmed on direct appeal, *Galvez-Casanas v. State,* 166 So. 3d 798 (Fla. 4th DCA 2015), he filed a timely rule 3.850 motion raising 13 claims. He received an evidentiary hearing on some of these, and the circuit court ultimately denied relief.

On appeal, Casanas raises one issue arguing that the circuit court erred in summarily denying a portion of claim 5. Claim 5 alleged in part that his trial attorneys were ineffective for failing to investigate and call

three of Cala's cellmates as witnesses at trial. Casanas named the men and alleged that they were available and would testify that Cala admitted before trial that he intended to lie about Casanas to get revenge and to avoid a life sentence. Cala allegedly told each of the cellmates that Casanas was innocent and he did not know about the planned robbery beforehand.

The claim is facially sufficient and not refuted by the record. The cellmates' testimony could corroborate Casanas's trial testimony and support his theory of defense. Contrary to the circuit court's reasoning in summarily denying this claim, the cellmates' testimony was not cumulative. There was no evidence presented that Cala had admitted he planned to lie at trial. Apart from Cala's testimony, the other evidence against Casanas is circumstantial and not overwhelming.

On appeal, the State's primary arguments for affirmance are matters that generally require an evidentiary hearing. *See McLin v. State*, 827 So. 2d 948, 955 (Fla. 2002) ("[S]ummary denial is rarely appropriate if the trial court needs to assess the credibility of the new testimony." (quoting *Murrah v. State*, 773 So. 2d 622, 623 (Fla. 1st DCA 2000))); *Bishop v. State*, 219 So. 3d 83, 84 (Fla. 4th DCA 2017); *Coley v. State*, 74 So. 3d 184, 185 (Fla. 2d DCA 2011).

The State has not shown that the record supports summary denial of claim 5. Accordingly, we reverse and remand for further proceedings on claim 5.

*Reversed and remanded for further proceedings.*

WARNER, GROSS and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

2