DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MAYKEL TORRES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-299

[July 1, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard Bober, Judge; L.T. Case No. 13-1742 CF10A.

Carla P. Lowry of Lowry At Law, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Maykel Torres appeals the summary denial of his rule 3.850 motion for post-conviction relief, in which he raised two grounds for relief. We affirm the summary denial of ground two without comment but reverse and remand for an evidentiary hearing on ground one.

Torres was convicted of burglary of a dwelling and sentenced to twenty years in prison as a habitual felony offender, with a fifteen-year mandatory minimum as a prison releasee reoffender, to be followed by two years of community control and eight years of probation. The conviction and sentence were affirmed on direct appeal. *Torres v. State*, 227 So. 3d 595 (Fla. 4th DCA 2017) (unpublished table decision).

In ground one of his rule 3.850 motion, Torres claimed counsel was ineffective for failing to advise him that the state would be able to rely on the "stealthy entry" inference to prove intent. *See* § 810.07(1), Fla. Stat. (2013) ("In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof is prima facie evidence of entering with intent

to commit an offense."). He alleged that this inference negated his sole defense, and if counsel had properly advised him about it, he would have accepted the state's plea offer of nine years in prison instead of going to trial.

Torres's claim was sufficiently pleaded and was not refuted by the record. He alleged a specific deficiency in counsel's advice, namely that counsel misadvised him as to the likelihood that he would be convicted at trial by failing to advise him about the stealthy entry inference. *See Mook v. State*, No. 4D19-1422, 45 Fla. L. Weekly D689 (Fla. 4th DCA Mar. 25, 2020); *Brice v. State*, 162 So. 3d 81, 82-83 (Fla. 4th DCA 2014). He also alleged a reasonable probability that he would have accepted the plea, and would have received a lesser sentence, if counsel had properly advised him. *See Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013).[1]

Accordingly, we reverse the summary denial of ground one and remand for an evidentiary hearing.

*Affirmed in part; reversed in part and remanded.*

LEVINE, C.J., MAY and CIKLIN, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] We reject the state's argument that Torres cannot establish prejudice because the record reflects that counsel advised him to enter the plea. That fact does not refute Torres's claim that he would have accepted the plea if counsel had advised him about the stealthy entry inference.