# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**BRANDON BISHOP,**
Appellee.

No. 4D19-3443

[July 15, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas Michael Lynch, V, Judge; L.T. Case No. 06-13584CF10A.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellant.

Martin P. McDonnell of the Law Office of Martin P. McDonnell, Santa Rosa Beach, for appellee.

DAMOORGIAN, J.

The State appeals a final order granting Brandon Bishop's ("Defendant") Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, finding counsel was ineffective and granting a new trial. On appeal, the State argues that the court erred in (1) granting Defendant's motion for postconviction relief; and (2) allowing Defendant's witness to testify as an expert. Finding merit to the State's first argument, we reverse. We affirm the second issue without further comment.

By way of background, Defendant invited his ex-girlfriend ("the victim") to his parents' house where he attacked her with a sledgehammer, hitting her several times in the head. Defendant's mother interrupted the attack and Defendant fled. Defendant was apprehended soon after. While in police custody, Defendant made a request for counsel. During trial, there were multiple references to Defendant's request for counsel with no objection from trial counsel.

Defendant was convicted of attempted first-degree murder and sentenced to ninety-nine years in prison. This Court affirmed the conviction and sentence on direct appeal. *Bishop v. State*, 100 So. 3d 1192 (Fla. 4th DCA 2012). In the opinion, we summarized the State's evidence of premeditation as follows:

> Prior to being apprehended, Bishop sent text messages to several friends, explaining what he had just done and that he was going to be imprisoned for it.
>
> Several lay and expert witnesses testified regarding Bishop's mental state, his ability to plan, and whether he had thought about killing the victim. Two experts testified that Bishop suffered from a psychotic break and would not have been "in the driver's seat of his behavior." Another two experts testified that Bishop had depression, which would not affect his ability to plan. The latter two experts explained why a psychotic break was not a reasonable diagnosis. Bishop would not remember parts of the event; his memory would be wiped clean. But, more importantly, they testified as to Bishop's admissions.
>
> Bishop admitted to one of the State's testifying experts that he had wrestled with the idea of attacking and killing the victim for at least two weeks. He purchased a sledgehammer because it would be the best weapon as it would not implicate any of his loved ones. In a videotaped evaluation, he also admitted to having the victim come over to his house a week prior to the attack so that he could hit her with the sledgehammer; however, his conscience did not allow him to attack her at that time.

*Id.* at 1193. This evidence, we determined, was sufficient to show that Defendant "committed the attempted killing according to a preconceived plan." *Id.* at 1194.

Defendant subsequently filed a rule 3.850 motion for postconviction relief, alleging eleven grounds. The trial court summarily denied the motion. Defendant appealed, and we remanded for an evidentiary hearing on three of the grounds:

> (1) counsel was ineffective for failing to move to disqualify the trial judge on the ground that he had improper communications with the victim's family; (2) counsel was

2

ineffective for failing to have Bishop's competency evaluated at the time of the trial; and (3) counsel was ineffective for failing to adequately advise Bishop regarding his right to exclude evidence of his invocation of his right to counsel upon arrest. These claims are legally sufficient and are not conclusively refuted by the record provided.

*Bishop v. State*, 219 So. 3d 83, 84 (Fla. 4th DCA 2017).

At the evidentiary hearing, trial counsel testified he failed to move to exclude or suppress Defendant's request for counsel, and alleged it was not a strategic decision. Trial counsel believed that this failure prejudiced the case as evidence that Defendant had the state of mind to request counsel was inconsistent with the defense of insanity. The postconviction court found trial counsel was ineffective for failing to move to exclude Defendant's invocation of his right to counsel. The written order, in relevant part, provided:

The Court has carefully considered what the effect of hearing Defendant's invocation of counsel had on the trial when the jury was simultaneously charged with determining whether he was legally insane that same day. In considering the totality of the evidence, the Court finds that Defendant was absolutely prejudiced. His defense at trial, insanity, was negated when the jury learned he subsequently had the state of mind to ask for legal representation and underscored the point that he may have known what he did was wrong at the time he committed the offense. The Court finds that a new trial is warranted.

This appeal follows.

The State argues the court erred in granting postconviction relief because (1) Defendant failed to establish he was misadvised when he agreed to trial counsel's strategy; and (2) the postconviction court improperly relied upon trial counsel's representations of mistake and prejudice. In the alternative, the State argues that even if trial counsel's performance was unreasonable under the prevailing professional norms, there was no prejudice in light of the overwhelming evidence disproving the defense of insanity. We agree with the State's argument that there was overwhelming evidence disproving the defense of insanity, establishing there was no reasonable probability the result would have been different.

To establish a claim of ineffective assistance of counsel, a defendant "must demonstrate: (1) that counsel's performance was deficient; and (2) a reasonable probability that the result of the proceeding would have been different absent the deficient performance." *Routly v. State*, 590 So. 2d 397, 401 (Fla. 1991) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Regarding deficient performance, the defendant must demonstrate that "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 688. The prejudice prong "requires the defendant to show that 'there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different,' where '[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Allen v. State*, 261 So. 3d 1255, 1269 (Fla. 2019) (alternation in original) (quoting *Strickland*, 466 U.S. at 694).

Here, Defendant's main contention in arguing ineffective assistance of counsel was that admission of his custodial request for counsel negated his insanity defense. While trial counsel's performance, by allowing evidence of Defendant's request for counsel to be admitted at trial, may arguably have been unreasonable under the prevailing professional norms, we find there was no prejudice. As the State points out in its brief, there was a substantial amount of evidence at trial that Defendant pre-planned the attack and intended to kill the victim. Defendant admitted he bought a sledgehammer, thought about killing the victim weeks prior to the attack, and attempted the attack on the victim a week prior. *Bishop*, 100 So. 3d at 1193–94. Defendant also sent text messages to friends and family immediately after the incident explaining what he had done and that he was going to be imprisoned for it. *Id.* Therefore, even if Defendant's request for counsel had been suppressed, there is no reasonable probability that the jury would have believed Defendant suffered a "psychotic break" when he attacked the victim.

Accordingly, we conclude there was overwhelming evidence that Defendant consciously intended to commit murder and was not insane at the time he attacked the victim. As such, there is no reasonable probability that, but for trial counsel's errors, the outcome would have been different. Defendant therefore failed to establish prejudice.

*Reversed and remanded for reinstatement of Defendant's conviction and sentence.*

LEVINE, C.J., and FORST, J., concur.

\* \* \*

4

*Not final until disposition of timely filed motion for rehearing.*