DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ULYSSES GONZALEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2610

[May 21, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank Ledee, Judge; L.T. Case No. 01012190CF10A.

Ulysses Gonzalez, Miami, pro se.

James Uthmeier, Attorney General, Tallahassee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Ulysses Gonzalez ("Defendant") appeals the denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Because Defendant raises sufficient allegations of newly discovered evidence that are not conclusively refuted by the record, we reverse and remand for either an evidentiary hearing or the attachment of records conclusively refuting the claim.

In 2001, Defendant was tried and convicted of multiple counts of sexual battery on a child, lewd or lascivious battery, indecent assault, and lewd or lascivious molestation. The trial court sentenced him to life in prison for the sexual battery counts and a term of years on the other counts. We affirmed his judgments and sentences on appeal. *Gonzalez v. State*, 871 So. 2d 1010 (Fla. 4th DCA 2004).

In May 2024, Defendant filed an untimely motion for postconviction relief claiming newly discovered evidence of ineffective assistance of trial counsel for failure to inform him that the State had made a pre-trial plea offer of thirty years in prison. Defendant stated that in January or

February 2024, his cousin asked why he did not try to resolve his case through a plea, to which Defendant's father interjected and informed Defendant that trial counsel had discussed the plea offer with his father during a pre-trial meeting. Defendant's motion included his father's affidavit. Defendant claimed this was the first time he had learned of the offer, and he could not have discovered it sooner with due diligence. Defendant alleged had he known about the offer, he would have accepted it, and the State would not have withdrawn the offer. The trial court denied Defendant's motion, finding that the father's affidavit was "inherently incredible," but failed to attach any records refuting the claim.

We reverse because the record fails to conclusively refute Defendant's claim. *See* Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order must be reversed and the cause remanded for an evidentiary hearing or other appropriate relief."). "Failure of counsel to convey a plea offer can constitute ineffective assistance of trial counsel." *Petit-Homme v. State*, 205 So. 3d 848, 849 (Fla. 4th DCA 2016). Here, Defendant's claim comports with *Alcorn v. State*, 121 So. 3d 419 (Fla. 2013). The record does not refute Defendant's claims that he would have accepted the offer or that the State would not have withdrawn its offer. *See Brice v. State*, 162 So. 3d 81, 83 (Fla. 4th DCA 2014).

We addressed similar circumstances in *Petit-Homme*, where the movant alleged he had learned of an unconveyed plea offer following his half-brother's chance encounter with trial counsel. 205 So. 3d at 849. Counsel told the half-brother that he had not conveyed the plea offer to the movant because he believed he could win at trial, but the half-brother did not immediately share the information. *Id.* When the half-brother told the movant, the movant prepared an affidavit and motion. *Id.* We held the half-brother's knowledge of the unconveyed plea offer should not have been imputed to the movant, and thus we remanded for an evidentiary hearing or record attachments refuting the claim. *Id.*

In another case, *Clark v. State*, 236 So. 3d 481 (Fla. 4th DCA 2018), we reversed the summary denial of a newly discovered evidence claim based on an unconveyed plea offer, finding trial counsel's knowledge of a plea offer could not be imputed to the movant for purposes of the newly discovered fact exception to Florida Rule of Criminal Procedure 3.850(b)(1). *Id.* at 483. We reiterated *Petit-Homme*'s holding that where the movant states a facially sufficient exception to the time limit and the record fails to conclusively refute the claim, the matter must be remanded for an evidentiary hearing or attachment of portions of the record conclusively showing no entitlement to relief. *Id.* at 482-83.

2

The State argues our holdings in *Petit-Homme* and *Clark* ignore rule 3.850(b)(1)'s plain language, which requires that "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1). However, in both of those cases, we did not express any opinion on the merits of the movants' allegations or whether the information could have been ascertained through due diligence. Rather, we explained that the record failed to conclusively refute the facially sufficient claims.

Similarly, we express no opinion on the merits of Defendant's allegations or whether he could have learned of the offer through due diligence. We conclude the record does not refute Defendant's allegations that trial counsel failed to convey the plea, and that Defendant could not have learned of the offer within the two-year time limit. For those reasons, we reverse and remand this matter to the trial court to either conduct an evidentiary hearing or provide the State with an opportunity to submit portions of the record conclusively showing Defendant is not entitled to relief.

*Reversed and remanded.*

KLINGENSMITH, C.J., and GERBER, J., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur in the majority opinion because of *Petit-Homme v. State*, 205 So. 3d 848, 849 (Fla. 4th DCA 2016), and *Clark v. State*, 236 So. 3d 481 (Fla. 4th DCA 2018). I think on remand the trial court could consider the motion as legally insufficient on other grounds.

Appellant's motion relies on his father's affidavit.[1] I believe that appellant has not complied with Florida Rule of Criminal Procedure 3.850(c) which provides in part:

> For all other newly discovered evidence claims, the defendant shall attach an affidavit from any person whose *testimony is necessary to factually support the defendant's claim for relief.*

---

[1] According to the State's brief, Appellant did not discover the undisclosed plea offer until after his counsel had died. This is similar to the circumstances in *Petit-Homme.*

3

If the affidavit is not attached to the motion, the defendant shall provide an explanation why the required affidavit could not be obtained.

*Id.* (emphasis supplied). Appellant's father's affidavit—describing a conversation which the father allegedly had with appellant's now-deceased attorney regarding the existence of a plea offer—is not testimony necessary to factually support the claim of relief, because it is inadmissible hearsay.

Therefore, based upon the motion, appellant has no admissible evidence to prove his claim. Certainly, when claims like this arise, the court should be allowed to consider whether the defendant has any legally sufficient evidence to offer in support of his claim. Where newly discovered evidence is offered to obtain a new trial, "regardless of whether the 'evidence meets the threshold requirement by qualifying as newly discovered, no relief is warranted' *unless the evidence would be admissible at trial.*" *Dailey v. State*, 279 So. 3d 1208, 1213 (Fla. 2019) (emphasis added) (quoting *Sims v. State*, 754 So. 2d 657, 660 (Fla. 2000)). I would think the same standard would apply to an evidentiary hearing to prove that the defense attorney had failed to convey a plea offer.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***