# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ULYSSES GONZALEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-3220

[June 10, 2026]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank David Ledee, Judge; L.T. Case No. 062001CF012190A88810.

Ulysses Gonzalez, Miami, pro se.

James Uthmeier, Attorney General, Tallahassee, and Richard Chambers Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Ulysses Gonzalez appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief following this Court's remand to the trial court. We treat Gonzalez's appeal as a motion to enforce the mandate in *Gonzalez v. State*, 412 So. 3d 797, 799 (Fla. 4th DCA 2025), and reverse. *See Ramsay v. State*, 291 So. 3d 963, 965 (Fla. 4th DCA 2020) (noting disparate treatment of appeals challenging lower court actions regarding mandates and concluding that the appeal should be treated as a motion to enforce a mandate).

We grant the motion and reverse the order because the trial court failed to follow this Court's specific instructions on remand. *Gonzalez*, 412 So. 3d at 799; *see also Wolfe v. Nazaire,* 758 So. 2d 730, 733 (Fla. 4th DCA 2000) (explaining the difference between general and specific appellate remand instructions).

Gonzalez's rule 3.850 motion alleged newly discovered evidence, claiming that his now-deceased defense counsel had failed to inform him

of a favorable pre-trial plea offer. Gonzalez was tried and sentenced to prison in 2001. *Gonzalez,* 412 So. 3d at 798. Gonzalez alleged that he had recently learned of the plea from his cousin and father during their visit with him in prison. *Id.* Gonzalez's motion included his father's affidavit.

When summarily denying the motion initially, the trial court deemed the father's affidavit "inherently incredible." We disagreed, recognized the claim was cognizable,[1] and remanded the case accordingly with specific directions to either conduct an evidentiary hearing or provide the State with an opportunity to submit portions of the record conclusively showing appellant is not entitled to relief. *Id.* at 799. Judge Warner authored a special concurrence, agreeing with the majority considering the governing law, but opining that the trial court on remand should consider whether the motion was legally insufficient on other grounds, including the admissibility of Gonzalez's father's affidavit. *Id.* at 799-800.

On remand, the trial court accepted the State's renewed position that the subject affidavit, without testimony from the defense attorney, or other non-hearsay testimony, cannot provide a basis for relief because it is inadmissible hearsay.

We reverse and remand because the trial court failed to follow this Court's specific remand instructions by failing to conduct an evidentiary hearing or to attach records conclusively refuting the claim. *Wolfe,* 758 So. 2d at 733 ("A reversal and remand with general directions for further proceedings vests the trial court with broad discretion in directing the course of the cause. . . . Where, however, the remand instruction is specific, it is improper to exceed the bounds of that instruction."); *see also McKinney v. Graham,* 414 So. 3d 286, 290 (Fla. 6th DCA 2025).

We recognize the Florida Supreme Court is currently reviewing conflict between our precedent and the Fifth District's concerning the propriety of a claim of newly discovered evidence based on counsel's failure to convey a plea offer. *See Malcolm v. State*, No. 4D2025-1566, 2026 WL 1155667 (Fla. 4th DCA April 29, 2026) (certifying conflict *Gadson v. State*, 429 So. 3d 1052 (Fla. 5th DCA 2025)), *rev. granted,* No. SC2025-1824, 2026 WL 765437 (Fla. Mar. 17, 2026). Because the Florida Supreme Court has not superseded the legal basis of our initial mandate, the trial court was required to follow our specific instructions. *See McKinney,* 414 So. 3d at 290.

---

[1] *Clark v. State*, 236 So. 3d 481 (Fla. 4th DCA 2018), *Petit-Homme v. State*, 205 So. 3d 848, 849 (Fla. 4th DCA 2016).

*Reversed and remanded.*

KUNTZ, C.J., CIKLIN and KLINGENSMITH, JJ., concur.

\*     \*     \*

**_Not final until disposition of timely-filed motion for rehearing._**