HARRIS, Judge.
Edwin Maldonado was convicted of attempted second degree murder based on allegations that he punched the four-year-old daughter of his girlfriend in the stomach, rupturing her duodenum and causing other internal injuries. He claims the court erred in permitting evidence of the child’s physical condition before the alleged incident of abuse. He also contends that the court erred in not granting a mistrial and in refusing to give a curative instruction because of improper prosecutorial remarks. We affirm.
During his opening statement, defense counsel announced to the jury that the child victim had a history of medical problems. He stated that she was a very fragile little girl prone to accidents. In fact, Maldonado and the child’s mother had first told authorities that the child was injured when she fell. In his cross-examination of the child’s mother after she was called by the State, defense counsel was able to elicit that the child suffered from myotome dystrophy. He also inquired whether the child was born with club feet. The judge sustained an objection to this latter question not because it was irrelevant but because it went beyond the scope of the direct testimony.
The State followed with the testimony of the child’s pediatrician who detailed the child’s physical condition before the assault alleged herein. The court ruled that this evidence was proper since the defense counsel had first “opened the door” to such testimony. We think it also relevant to show the victim’s condition both before and after the alleged assault. Once defense counsel advised the jury of the child’s pre-assault physical condition during opening statements and had commenced a detailed inquiry into her condition during the cross-examination of her mother, the State had every right to detail her pre-assault condition to refute any inference that the child’s condition after the assault was merely an aggravation of a previous condition.
After his arrest, Maldonado gave a statement admitting that he had hit the girl with his hand. At trial, on cross-examination of the child’s mother, defense counsel elicited testimony that she had been a regular heroin user and had in the past been investigated by the child protection services. On closing argument, the prosecutor stated:
... [the defense is] even pointing the finger to [the mother] ... If he’s coward enough for hitting a child, a helpless child like Vanessa, talk about a real coward, now turning around and trying to blame it on a woman.
The defense moved for a mistrial and a curative instruction. Instead, the court admonished the prosecutor by telling her- that it was improper to use disparaging names. The court denied a mistrial and gave no curative instruction. We agree a mistrial was unwarranted; further, although a formal curative instruction would have been better, because of Maldonado’s admission that he struck the child and because of the extensive medical testimony in this ease, we find any error to be harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The other alleged improper statements by the prosecutor were not objected to and do not rise to the level of fundamental error.
AFFIRMED.
COBB and PETERSON, JJ., concur.