W. SHARP, J.
Perry appeals from his conviction and sentence for committing a lewd act upon a child.[1] Perry argues that he was denied a fair trial because the judge departed from neutrality and expressed bias against him when he questioned the victim, and because the victim was permitted to repeatedly accuse Perry of having “raped” her. We affirm.
Section 90.615(2), Florida Statutes, provides that a court may interrogate a witness, whether called by the court or a party, when required in the interests of justice. The purpose is to allow the court to ascertain the truth and clarify uncertainties. Error is committed only if it appears that the court has departed from neutrality or has expressed bias or prejudice. Watson v. State, 190 So.2d 161 (Fla.1966), cert. denied, 389 U.S. 960, 88 S.Ct. 339, 19 L.Ed.2d 369 (1967); James v. State, 388 So.2d 35 (Fla. 5th DCA 1980).
In this case, the primary issue at trial was the identity of the 'victim’s assailant. The defense sought to show that another person perpetrated the assault. The victim was fifteen years old, fourteen at the time of the assault, and she either had difficulty or did not want to remember certain details. She has learning disabilities and was in special education classes at school. Her family is from Iran and they are Moslem. She is not allowed to date or talk to boys on the telephone. Her father became extremely upset and angry when he heard she had been raped.
She had testified for two days and was upset and agitated by defense counsel’s questioning. Even defense counsel sought to calm her. Perhaps because of all of these factors, the judge felt it was necessary to calmly and impartially question the victim about the identity of her assailant. On the face of the record, his questions do not show bias or prejudice— only a quest for the truth from the victim. See Watson. Had the victim hesitated in her answers to the judge, the outcome of the trial could well have been an acquittal. It was not the questioning of the victim by the judge that was prejudicial to Perry, but rather her answers.
Perry also claims that the victim’s frequent statements at the trial that he had raped her were so inflammatory and prejudicial as to have caused an unfair trial atmosphere. Other witnesses also used the word “rape,” as did defense counsel. Use of the word “rape” at no time was objected to by the defense. See, e.g., Harold v. State, 579 So.2d 908 (Fla. 5th DCA 1991). Defense cannot now claim error on this ground. See Norton v. State, 709 So.2d 87 (Fla.1997).
The defense further contends that it was improper to allow the prosecution to read a part of the victim’s deposition transcript concerning whether the victim had ever before falsely accused another person of having raped her. It was properly allowed because the defense had “opened the door.” See Maldonado v. State, 697 So.2d 1284 (Fla. 5th DCA 1997).
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.

. § 800.04(1), Fla.Stat. (1997).