DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DIEUGRAND JACQUES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3410

[June 15, 2016]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 2009-CF-015704AXX.

Dieugrand Jacques, Blountstown, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We reverse the summary denial of appellant's motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850 and remand to the circuit court for an evidentiary hearing.

After a jury trial, appellant was convicted of lewd or lascivious molestation and sentenced to 10 years in prison.

In a timely Rule 3.850 motion, appellant claimed ineffective assistance of counsel in failing to convey to him a plea offer of probation. His motion satisfied the elements of *Alcorn v. State*, 121 So. 3d 419 (Fla. 2013). He claimed that after his conviction he learned that, just before trial, the prosecutor had conveyed to defense counsel an offer involving probation and registration as a sex offender, but counsel rejected the offer without consulting him. Appellant alleged that he would have accepted the plea offer and his sentence would have been less severe than his 10-year prison sentence. There was no indication that the prosecutor would have withdrawn the plea or the trial court would have rejected it.

The state's response to the motion argued that appellant failed to state the length of the offered probationary term, so it cannot be determined whether the offered sentence was less severe than 10 years in prison. Also, the state pointed to appellant's remarks at sentencing and letters he had written, in which he steadfastly maintained his innocence.

The state's response to the motion did not conclusively refute appellant's claim. Failing to allege the length of the offered probationary term was not fatal to appellant's motion; almost any term of probation without prison time is viewed as less harsh than a 10-year prison sentence. Although the attachments to the state's response strongly suggest that appellant would not have accepted the plea, they do not conclusively refute his allegation that he would have. Even those who believe they are innocent may enter a plea under *North Carolina v. Alford*, 400 U.S. 25 (1970).

*Reversed and remanded.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**