**Cletis LEWIS, Appellant,**

v.

**STATE of Florida, Appellee.**

**No. 4D14–1153.**

District Court of Appeal of Florida, Fourth District.

July 27, 2016.

---

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm appellant's conviction and sentence for armed robbery. Appellant contends that the court allowed into evidence portions of a video in which the detective improperly bolstered witnesses' testimony. The court did not err in refusing to redact portions of the video interview with the appellant. In the video the detective stated that "right now" he believed what the witnesses had told him, and appellant agreed that it was the detective's job to do so. *See McWatters v. State*, 36 So.3d 613, 638 (Fla.2010) (finding that the court did not abuse its discretion in admitting detective's statements during interview with defendant concerning facts that he had gathered from his investigation, as they were not admitted for truth of the matter but solely to provide context and to provoke reaction of defendant). Further, the failure to give a limiting instruction with respect to the officer's statements in the interview regarding what witnesses saw was not an abuse of discretion based upon the facts and circumstances of this case. And, in any event, any error was harmless. *See State v. DiGuilio*, 491 So.2d 1129, 1135 (Fla.1986). As to the court's denial of appellant's requested special jury instruction on intent, no abuse of discretion is shown. *See Lewis v. State*, 693 So.2d 1055, 1058 (Fla. 4th DCA 1997) ("Trial judges have wide discretion in decisions regarding jury instructions, and the appellate courts will not reverse a decision regarding an instruction in the absence of a prejudicial error that would result in a miscarriage of justice."). Finally, appellant's sentence was proper. *See Cruz v. State*, 189 So.3d 822, 832 (Fla. 4th DCA 2015).

WARNER, TAYLOR and GERBER, JJ., concur.