Per Curiam.
*482 Rashawn Clark appeals an order summarily denying as untimely a Rule 3.850 motion for postconviction relief. The record does not conclusively refute his claim that the newly discovered fact exception applies. Fla. R. Crim. P. 3.850(b)(1). We reverse and remand for an evidentiary hearing or attachment of portions of the record conclusively showing appellant is not entitled to relief.
In April 2009, Clark entered a plea to armed robbery. The offer he accepted provided for a 20-year cap on the prison sentence. The court sentenced him to 20 years in prison followed by 10 years of probation. This Court affirmed on direct appeal without a published opinion, on September 13, 2010. Clark v. State , 41 So.3d 229 (Fla. 4th DCA 2010) (table). Clark filed a timely Rule 3.850 motion that was denied after evidentiary hearing and affirmed on appeal. Clark v. State , 138 So.3d 1038 (Fla. 4th DCA 2014) (table).
In December 2016, Clark filed the present Rule 3.850 motion claiming ineffective assistance of counsel based on "newly discovered evidence." See Fla. R. Crim. P. 3.850(b)(1) (providing an exception to the two-year time limit where "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence"). He claimed that trial counsel failed to convey a plea offer of 15 years in prison with 5 years of probation. The plea offer was dated February 26, 2009, and Clark alleged that he did not discover the offer until August 2016.
The trial court summarily denied the motion as untimely, stating that the plea offer was not newly discovered evidence because Clark's counsel was aware of the offer. We disagree. In these circumstances, trial counsel's knowledge of the plea offer is not imputed to Clark for purposes of the newly discovered fact exception of Rule 3.850(b)(1). See Petit-Homme v. State , 205 So.3d 848 (Fla. 4th DCA 2016) (reversing a similar newly discovered plea offer claim and remanding for further proceedings where the record did not conclusively establish that defendant could have learned of the offer within the two-year time limit). Clark's motion stated a facially sufficient exception to the time limit. He alleged that he was previously unaware of the offer because counsel did not convey it and that he could not have learned of the offer with due diligence within the two-year time limit.[1] The trial court failed to attach records conclusively showing that the exception did not apply.
We express no opinion on the merits of Clark's allegations or whether he could have learned of the offer with due diligence. The record simply fails to conclusively refute the claim, so reversal is required. Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded *483 for an evidentiary hearing or other appropriate relief.").
Trial counsel's failure to convey a favorable plea offer can constitute ineffective assistance of counsel. See, e.g. , Jacques v. State , 193 So.3d 1065 (Fla. 4th DCA 2016). Clark's motion satisfied the elements of Alcorn v. State , 121 So.3d 419 (Fla. 2013). He alleged that he would have accepted the plea offer and his sentence would have been less severe than the 20-year prison sentence he ultimately received. Nothing in the present record suggests that the prosecutor would have withdrawn the offer or that the trial court would have rejected it. See Jacques , 193 So.3d at 1065.
In response to this Court's order to show cause, the State argues that Clark should have learned of the plea offer in December 2012, when he received the record on appeal for his previous Rule 3.850 motion. The State references a note on the progress docket showing a plea offer was open until March 31, 2009. However, as argued by Clark in his reply, this does not conclusively refute his claim because the note could refer to a different plea offer, such as the one Clark ultimately accepted.
Accordingly, the record does not refute Clark's allegations that defense counsel failed to convey a more favorable plea offer and that Clark could not have learned of the offer within the two-year time limit. We reverse and remand for either an evidentiary hearing or attachment of portions of the record that conclusively show that Clark is not entitled to relief.
Reversed and remanded.
Gerber, C.J., May and Levine, JJ., Concur.

Clark alleged that he first learned of the offer through his brother, a co-defendant, after the brother obtained postconviction relief based on trial counsel's failure to convey the offer.