NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| JAMIE C. PATTERSON, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )  Case No. 2D17-3046 |
| | ) |
| STATE OF FLORIDA, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Opinion filed March 7, 2018.

Appeal pursuant to Fla. R. App.
9.141(b)(2) from the Circuit Court for
Pinellas County; William H. Burgess, III,
Judge.

Jamie C. Patterson, pro se.

SILBERMAN, Judge.

Jamie C. Patterson seeks review of the order summarily denying his

postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850.  He

raised one claim of newly discovered evidence.  We reverse and remand with directions

for the postconviction court to afford Mr. Patterson leave to amend.

In 1998, a jury found Mr. Patterson guilty of first-degree murder.  He filed a

direct appeal, which this court per curiam affirmed.  See Patterson v. State, 768 So. 2d

1081 (Fla. 2d DCA 2000) (table decision).  He filed this postconviction motion on June

15, 2017, alleging that a newly discovered witness would testify that she had witnessed the offense for which Mr. Patterson was convicted and that he was not the person who committed the crime.

The postconviction court denied the motion based on several deficiencies. The motion failed to include either a notarized oath or an acknowledgement that his oath was signed under penalty of perjury, and the affidavit attached to the motion was legally insufficient in that it was neither notarized nor contained an attestation that the affidavit was signed under penalty of perjury. See Fla. R. Crim. P. 3.850(c) (governing the contents of a rule 3.850 motion). Further, Mr. Patterson failed to allege that the evidence was unknown to the trial court, counsel, or Mr. Patterson at the time of trial, that he or counsel could not have known of the evidence by the use of due diligence, and that the nature of the evidence would probably produce an acquittal. See Jones v. State, 709 So. 2d 512, 521 (Fla. 1998) (discussing requirements for establishing newly discovered evidence); Wilson v. State, 202 So. 3d 135, 136-37 (Fla. 2d DCA 2016) (discussing sufficiency of a new witness's affidavit).

"When a postconviction court summarily denies a defendant's motion without an evidentiary hearing, an appellate court 'must accept a defendant's factual allegations as true to the extent they are not refuted by the record.' " Balmori v. State, 985 So. 2d 646, 649 (Fla. 2d DCA 2008) (quoting Floyd v. State, 80 So. 2d 175, 182 (Fla. 2002)). Furthermore, "when a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion," provided that the

defendant can do so in good faith and that the claims are not conclusively refuted by the record.  Spera v. State, 971 So. 2d 754, 761-62 (Fla. 2007).

Although the postconviction court properly determined that Mr. Patterson's motion and the affidavits attached thereto were facially insufficient, it should have provided Mr. Patterson an opportunity to amend.[1]  See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion."); Blake v. State, 152 So. 3d 66, 68 (Fla. 2d DCA 2014); Hatton v. State, 114 So. 3d 1090, 1090 (Fla. 2d DCA 2013).

Accordingly, we reverse and remand with directions to strike Mr. Patterson's motion and to grant him sixty days to file an amended motion under Spera.


BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.

---

[1]We also note that Mr. Patterson's motion entirely lacks a signature and the certification required by rule 3.850(n)(2).