IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


ALAN D. TAYLOR,

   Appellant,

 v.              Case No. 5D18-295

STATE OF FLORIDA,

   Appellee.

_____/

Opinion filed June 8, 2018

3.850 Appeal from the Circuit Court
for Putnam County,
Scott C. Dupont, Judge.

Alan D. Taylor, Daytona Beach, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.

  Alan D. Taylor appeals the summary denial of his motion for postconviction relief

filed under Florida Rule of Criminal Procedure 3.850. Taylor's sole ground for relief

asserted in his motion was that his trial counsel was ineffective for failing to convey to him

the State's favorable plea offer. Because this claim was not sufficiently pleaded, we

reverse the postconviction court's order and remand to allow Taylor an opportunity to amend his motion.

In 2004, following a jury trial, Taylor was convicted of planting a hoax bomb and robbery. He was sentenced to serve fifteen years in prison on each count, with the sentences running concurrently on each count, but consecutively to a lengthy prison sentence that Taylor was serving out of Alachua County. Taylor's convictions and sentences were affirmed on direct appeal without opinion. *See Taylor v. State*, 923 So. 2d 1184 (Fla. 5th DCA 2006).

In June 2017, Taylor filed the present motion alleging that in August 2015, he first became aware of a plea offer made by the State to his counsel shortly before trial in which the State offered to resolve the case with Taylor serving a thirteen-year prison sentence on count one, to run concurrently with his Alachua County prison sentence, and serving two years in prison on count two, consecutively to his prison sentence from Alachua County. Taylor averred that his counsel never informed him about this plea offer "at any time before, during, or after trial."

The postconviction court ordered the State to respond to Taylor's motion, which it did. The State asserted that Taylor's motion was untimely under rule 3.850 because it was filed more than two years after his judgment and sentence became final and Taylor could not show under the rule 3.850(b)(1) newly discovered fact exception to this two-year filing requirement that he could not have discovered the aforementioned plea offer by the exercise of due diligence. In denying Taylor's motion, the court agreed with the State that Taylor "was less than diligent in his untimely pursuit."

2

The failure to convey a favorable plea offer to a defendant in a criminal case can constitute ineffective assistance of counsel. *Clark v. State*, 236 So. 3d 481, 483 (Fla. 4th DCA 2018) (citing *Jacques v. State*, 193 So. 3d 1065, 1066 (Fla. 4th DCA 2016)). To adequately plead this claim, a defendant must allege "that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013).

Here, Taylor's rule 3.850 motion was facially insufficient under *Alcorn* because he failed to allege that the prosecutor would not have withdrawn the plea offer. Under these circumstances, Taylor must be given at least one opportunity to correct the deficiency in his motion, unless it is apparent that the defect cannot be corrected. *See* Fla. R. Crim. P. 3.850(f); *Lamb v. State*, 202 So. 3d 118, 120 (Fla. 5th DCA 2016) (citing *Luckey v. State*, 979 So. 2d 353, 355 (Fla. 5th DCA 2008)). Because Taylor had not previously sought or been given leave to amend his rule 3.850 motion, and because the pleading deficiency in his motion is likely correctable, he should be given the chance to do so. Accordingly, we reverse the summary denial and remand with directions that the postconviction court provide Taylor with sixty days to amend his motion, if, in good faith, he can amend it.[1]

---

[1] For the benefit of the postconviction court on remand, we briefly address two other matters. First, if Taylor timely files a legally sufficient amended motion for postconviction relief, and the court again summarily denies the motion based on the records in the case, it must attach to its final order "that portion of the files and records that conclusively shows that [Taylor] is entitled to no relief." *See* Fla. R. Crim. P.

3

REVERSED and REMANDED, with directions.

COHEN, C.J., and EDWARDS, J., concur.

---

3.850(f)(5). Otherwise, an evidentiary hearing is required to resolve the motion, including determining whether Taylor exercised due diligence in discovering the plea offer. The present order had no record attachments. Second, the court's indication in its denial order that Taylor essentially failed to establish under *Wright v. State*, 857 So. 2d 861 (Fla. 2003), that "the newly discovered evidence is of such a nature as to probably produce an acquittal" has no application here as Taylor's "newly discovered" claim is based upon an allegedly undisclosed plea offer. *See Petit-Homme v. State*, 205 So. 3d 848, 849 (Fla. 4th DCA 2016) (reversing a summary denial of a newly discovered plea offer claim and remanding for further proceedings to address whether the defendant could have learned of the offer within the two-year time limit of rule 3.850).