NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

YVONNE ELIZABETH FORBES,      )
                              )
          Appellant,          )
                              )
v.                            )          Case No. 2D18-952
                              )
STATE OF FLORIDA,             )
                              )
          Appellee.           )
_____  )

Opinion filed May 8, 2019.

Appeal from the Circuit Court for Collier
County; Frederick R. Hardt, Judge.

Yvonne Elizabeth Forbes, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Donna S. Koch,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Chief Judge.

          Yvonne Elizabeth Forbes appeals the denial of her motion for

postconviction relief following an evidentiary hearing.  We have jurisdiction.  See Fla. R.

App. P. 9.030(b)(1)(A); 9.141(b)(3); Fla. R. Crim. P. 3.850(k).  We affirm.  See City of

Clearwater v. Sch. Bd. of Pinellas Cty., 905 So. 2d 1051, 1057 (Fla. 2d DCA 2005)

("[T]he 'tipsy coachman' doctrine . . . allows an appellate court to affirm a trial court

decision that 'reaches the right result, but for the wrong reasons' so long as 'there is any

basis which would support the judgment in the record.' " (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644 (Fla. 1999))).

## Background

In April 2010, a jury convicted Ms. Forbes of a scheme to defraud and the use of a public record to commit a felony. The trial court imposed a lengthy prison sentence. We affirmed her direct appeal without opinion; the mandate issued in December 2011. See Forbes v. State, 75 So. 3d 278 (Fla. 2d DCA 2011) (table decision).

Thereafter, in April 2012, Ms. Forbes filed a rule 3.850 motion for postconviction relief. After summarily denying several claims, the postconviction court conducted a November 2014 evidentiary hearing on the remaining claims. Following the hearing, the postconviction court denied the remaining claims. We affirmed the nonsummary rule 3.850 order on appeal. See Forbes v. State, 193 So. 3d 893 (Fla. 2d DCA 2016) (table decision).

The subject matter of the claims and the postconviction court's disposition of Ms. Forbes' April 2012 rule 3.850 motion are not pertinent to this appeal. What is relevant is her assertion that, at the November 2014 evidentiary hearing, she learned for the first time that her trial counsel failed to convey a purported probationary sentence offered by the State. Based upon her filing of another rule 3.850 motion in August 2015, the postconviction court granted Ms. Forbes a January 2017 evidentiary hearing on this newly discovered evidence claim. The postconviction court later denied relief.

## Analysis

Ms. Forbes argues that the postconviction court erroneously denied her motion. She maintains that "trial counsel never conveyed a plea offer of probation . . .

- 2 -

the only plea conveyed . . . [wa]s a plea offer of 20 year[s'] prison."  She contends that the records attached to the order before us "do not refute [her] claim that the plea offer of probation was not conveyed to her by her trial counsel."[1]

Ms. Forbes' newly discovered evidence claim was filed timely based upon her professed November 2014 discovery of the uncommunicated probationary plea offer.  See Fla. R. Crim. P. 3.850(b)(1); see, e.g., Blake v. State, 152 So. 3d 66, 68 (Fla. 2d DCA 2014) (declaring that "[a] claim of newly discovered evidence can be an exception to the two-year time limitation in rule 3.850(b)"); Clark v. State, 236 So. 3d 481, 482 (Fla. 4th DCA 2018) (holding that defense counsel's knowledge of a proposed plea deal could not be imputed to defendant for purposes of the newly discovered fact exception to the two-year limit, and that therefore plea offer could constitute newly discovered evidence allowing defendant to proceed on rule 3.850 motion alleging counsel had provided ineffective assistance in not conveying the plea offer to defendant).  Further, a newly discovered evidence claim may be an exception to the general prohibition on successive rule 3.850 motions.  See White v. State, 664 So. 2d 242, 244 (Fla. 1995) (holding that a defendant may file successive postconviction relief motions based on newly discovered evidence).  No procedural hurdles prevented the postconviction court from considering the merits of Ms. Forbes' newly discovered evidence claim.

---

[1]In her brief, Ms. Forbes ventures a variety of new and ancillary arguments and factual assertions that were neither contained within her rule 3.850 motion nor were they developed or supported at the evidentiary hearing.  We decline to consider them. See Smith v. State, 213 So. 3d 722, 740 (Fla. 2017) (citing Doyle v. State, 526 So. 2d 909, 911 (Fla. 1988), for the finding that a claim was "procedurally barred because it was not presented to the trial court in the defendant's rule 3.850 motion and could not be raised for the first time on appeal"); Fotopoulos v. State, 608 So. 2d 784, 788 (Fla. 1992) ("[The] claim that this reason is not supported by the record was not raised below and therefore has been waived.").

Following an evidentiary hearing, we review the denial of a motion for postconviction relief to determine whether competent, substantial evidence supports the postconviction court's findings of fact. Mosley v. State, 209 So. 3d 1248, 1262 (Fla. 2016). "Competent, substantial evidence is tantamount to legally sufficient evidence." R.F. v. Fla. Dep't of Children & Families, 770 So. 2d 1189, 1192 (Fla. 2000); see also Savage v. State, 120 So. 3d 619, 621 (Fla. 2d DCA 2013) (noting that "competent" refers to admissibility, while "substantial" requires that there be some material or relevant evidence having definite probative value (citing Dunn v. State, 454 So. 2d 641, 649 n.11 (Fla. 5th DCA 1984) (Cowart, J., concurring specially)). We defer to the postconviction court's factual findings. See Stephens v. State, 748 So. 2d 1028, 1033-34 (Fla. 1999).

> As long as the trial court's findings are supported by competent substantial evidence, "this Court will not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court."

Blanco v. State, 702 So. 2d 1250, 1252 (Fla. 1997) (quoting Demps v. State, 462 So. 2d 1074, 1075 (Fla. 1984)). However, we review conclusions of law de novo. See Schofield v. State, 67 So. 3d 1066, 1072 (Fla. 2d DCA 2011) ("[T]his court reviews the postconviction court's application of the facts to the law de novo.").

To analyze the postconviction court's order, we identify the elements undergirding Ms. Forbes' claim. In doing so, we will show that the postconviction court properly denied relief, but unnecessarily concluded that the State made a plea offer.

"A trial counsel's failure to convey a plea offer can constitute ineffective assistance of counsel." Gallant v. State, 898 So. 2d 1156, 1157 (Fla. 2d DCA 2005) (citing Whitten v. State, 841 So. 2d 578, 579 (Fla. 2d DCA 2003)); see also Taylor v.

- 4 -

State, 248 So. 3d 280, 281 (Fla. 5th DCA 2018) ("The failure to convey a favorable plea offer to a defendant in a criminal case can constitute ineffective assistance of counsel." (citing Clark, 236 So. 3d at 483)). To succeed, the postconviction movant must establish that: (1) she would have accepted the offer had counsel advised her correctly; (2) the prosecutor would not have withdrawn the offer; (3) the trial court would have accepted the offer; and (4) the conviction or sentence or both would have been less severe than the judgment and sentence that were imposed. Alcorn v. State, 121 So. 3d 419, 430 (Fla. 2013).

The Alcorn elements are conjunctive; the movant must prove each to be entitled to postconviction relief. The Alcorn elements also unfold chronologically, meaning that the elements develop temporally with the requisite first development being either that a favorable plea offer was extended to a criminal defendant but the acceptance was not communicated to the State before it expired; or, that the State's plea offer was simply never communicated by trial counsel to the postconviction movant before the State withdrew the offer. This second scenario, seemingly, is what Ms. Forbes alleged happened to her.

Critically, what remains implicit but unsaid in Alcorn is that the favorable plea offer must actually exist. A postconviction court cannot analyze such a claim under Alcorn without first finding that the State extended an offer. Cf. Timothee v. State, 721 So. 2d 776, 777 (Fla. 4th DCA 1998) ("[A] plea agreement is a contract requiring a meeting of the minds. When it appears any party is mistaken, confused, or misunderstands essential terms of the agreement, there can be no meeting of the minds." (citation omitted)).

The postconviction court avoided the issue, finding that "[t]he record is clear that, if there was a [probationary] offer it was revoked at trial call." But the postconviction court need not have determined whether a probationary plea offer was revoked if there was never an offer on the table.

The evidence adduced at the January 2017 evidentiary hearing established that the State extended no probationary offer to Ms. Forbes. Consequently, the record does not support the postconviction court's finding that an offer may have been made.

Trial counsel testified at the evidentiary hearing that he discussed a potential probationary plea offer with the assigned assistant state attorney (ASA). Unfortunately, the State never offered such a deal because the parties could not agree on the amount of restitution, a critical demand from the State.

In fact, trial counsel's testimony reveals that he spoke with Ms. Forbes on several occasions about an offer, including making an extended probationary term with agreed-upon restitution. Trial counsel even enlisted Ms. Forbes's sister to speak with her about the benefits of such an offer. However, the discussions between trial counsel and Ms. Forbes never progressed beyond general talk that she should make such an offer because Ms. Forbes "never agreed to a restitution amount" and she "did not want to be adjudicated because she did not want to lose her real estate license." Trial counsel's testimony was consistent with that of the two ASA's who handled the case; one testified that they did not recall extending a probationary offer, and the other affirming that his recollection "was that the Defendant was not willing to accept any plea offer."

Ms. Forbes and her sister both testified that trial counsel never advised of a probationary plea offer. This is not necessarily inconsistent with trial counsel's testimony. Nonetheless, the postconviction court chose, as it may, to credit trial counsel's and the ASAs' testimony over that of Ms. Forbes and her sister. See Green v. State, 975 So. 2d 1090, 1101 (Fla. 2008) ("We generally defer to the trial judge regarding these [witness] credibility determinations."); Shere v. State, 742 So. 2d 215, 218 n.8 (Fla. 1999) (stating that the role of the trial judge in a postconviction motion evidentiary hearing is to make credibility determinations and findings of fact).

## Conclusion

The record reflects that the State never extended a probationary plea offer to Ms. Forbes. Cf. Robertson v. State, 829 So. 2d 901, 906-07 (Fla. 2002) ("The key to the application of [the tipsy coachman] doctrine of appellate efficiency is that there must have been support for the alternative theory or principle of law in the record before the trial court."). Consequently, it goes without saying, counsel cannot be deficient for failing to communicate a nonexistent offer.

Affirmed.

MORRIS, J., Concurs.
ROTHSTEIN-YOUAKIM, J., Concurs in result only.