NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DWAYNE TREVELYN JOHNSON,           )
                                   )
        Appellant,                 )
                                   )
v.                                 )           Case No. 2D18-3173
                                   )
STATE OF FLORIDA,                  )
                                   )
        Appellee.                  )
_____)

Opinion filed August 2, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Collier County; Ramiro Mañalich, Judge.

Michelle Walsh of Law Office of Michelle
Walsh, Miami, for Appellant.


PER CURIAM.

        Dwayne Trevelyn Johnson appeals the postconviction court's order

summarily denying his motion filed under Florida Rule of Criminal Procedure

3.850(b)(1).  Because the postconviction court did not attach portions of the record to

support its finding that Mr. Johnson is entitled to no relief, we reverse and remand for

the postconviction court to reconsider the motion.  See Fla. R. App. P. 9.141(b)(2)(D)

("On appeal from the denial of relief, unless the record shows conclusively that the

appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.").

The fifty-five-page postconviction record reflects that a jury found Mr. Johnson guilty of armed robbery in 2001. On May 16, 2017, Mr. Johnson filed a motion alleging that the victim of the armed robbery admitted to a third party that he had testified falsely at Mr. Johnson's trial that Mr. Johnson robbed him because he did not want his parents to know that he traded his jewelry to Mr. Johnson in exchange for drugs. Mr. Johnson further alleged that his conviction depended upon the victim's testimony and credibility because the only other person who witnessed the robbery, the victim's friend, testified that he did not hear Mr. Johnson demand the victim's jewelry and did not observe that Mr. Johnson carried a gun. Accordingly, Mr. Johnson alleged the victim's admission would probably produce an acquittal on retrial.[1]

The postconviction court summarily denied Mr. Johnson's motion, finding that "[b]ased upon the evidence presented at trial, specifically the testimony of [the victim's friend], who identified the Defendant as the person who robbed him and [the victim], it is unlikely that the outcome would have changed." The postconviction court did not attach documents from the court record to support its findings, that, on the face of the sparse postconviction record, conflict with Mr. Johnson's allegations. For that reason we reverse the postconviction court's order and remand for the postconviction court to reconsider Mr. Johnson's motion, as amended with the affidavit filed with his

---

[1]This is a facially sufficient claim of newly discovered evidence. See Davis v. State, 31 So. 3d 277, 278 (Fla. 2d DCA 2010) (holding that a key witness's admission to a third person that the witness testified falsely regarding Mr. Davis's involvement in a shooting stated a facially sufficient claim of newly discovered evidence).

motion for rehearing.[2]  See Peede v. State, 748 So. 2d 253, 257 (Fla. 1999) (holding

that when a postconviction court summarily denies a claim raised in a rule 3.850 motion,

an appellate court "must accept the defendant's factual allegations to the extent they

are not refuted by the record").  Should the postconviction court again summarily deny

Mr. Johnson's motion, it shall attach portions of the court record to support its findings.

Reversed and remanded.

NORTHCUTT, SALARIO, and SMITH, JJ., Concur.

---

[2]The postconviction court also cited as a reason for denying Mr. Johnson's motion that it was insufficiently pleaded under rule 3.850(c)(7).  Mr. Johnson filed the motion within two years of the date he was informed of the victim's admission, so the trial court abused its discretion by denying Mr. Johnson's motion without first providing him with an opportunity to amend.  See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion."); Patterson v. State, 240 So. 3d 123, 125 (Fla. 2d DCA 2018) ("Although the postconviction court properly determined that Mr. Patterson's motion and the affidavits attached thereto were facially insufficient, it should have provided Mr. Patterson an opportunity to amend.").  Mr. Johnson cured this pleading deficiency by attaching a sworn and notarized affidavit to his motion for rehearing, which the postconviction court denied.