DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLETIS LEWIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-2093

[June 2, 2021]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562012CF002962A.

Cletis Lewis, Perry, pro se.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Cletis Lewis appeals an order summarily denying his multi-claim motion filed under Florida Rule of Criminal Procedure 3.850. We reverse and remand as to his claim that trial counsel failed to convey a favorable plea offer. *See Alcorn v. State*, 121 So. 3d 419 (Fla. 2013). We otherwise affirm.

A jury found Lewis guilty of armed robbery. The state charged Lewis, along with a codefendant, with robbing a barbershop while he waited for his son to arrive for a haircut. The jury found that Lewis was armed and in actual possession of a firearm during the crime.

The trial court sentenced Lewis to life in prison with a ten-year mandatory term as a Prison Releasee Reoffender ("PRR"). We affirmed the conviction and sentence. *Lewis v. State*, 204 So. 3d 495 (Fla. 4th DCA 2016).

Lewis' collateral motions followed. Ground seven of his amended motion satisfied the elements of *Alcorn* and the record on appeal does not refute the claim.

Lewis alleged that defense counsel failed to tell him about a plea offer of between five to fifteen years, "if he would cooperate." He explained that shortly after trial his grandmother asked him why he did not accept the offer. Lewis alleged that he would have accepted the plea if he knew about it, since he faced a life term as a PRR. He added that the prosecutor would not have withdrawn the offer, as his more culpable codefendant received the same offer.

The trial court rejected this claim as incredible based on letters Lewis wrote to the trial court and responses that Lewis gave during hearings, wherein he expressed his desire to proceed to trial. These letters and statements do not render Lewis' claim "inherently incredible." *See Jacques v. State*, 193 So. 3d 1065, 1066 (Fla. 4th DCA 2016) ("Although the attachments to the state's response strongly suggest that appellant would not have accepted the plea, they do not conclusively refute his allegation that he would have. Even those who believe they are innocent may enter a plea under *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).").

We conclude that the claim was sufficiently pleaded and reverse the summary denial for the trial court to either attach records conclusively refuting Lewis' claim, or in the alternative, to hold an evidentiary hearing. We affirm the summary denial of Lewis' remaining grounds without further discussion.

*Affirmed in part, reversed in part and remanded.*

GROSS, KUNTZ and ARTAU, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***