# Third District Court of Appeal

## State of Florida

Opinion filed January 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1133
Lower Tribunal No. F17-19914
_____

**Jorge Carrillo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Law Offices of Kawass, P.A., and Kristen A. Kawass, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed. See Coutts v. Sabadell United Bank, N.A., 199 So. 3d 1099, 1100 (Fla. 3d DCA 2016) (appellant maintains "that the trial court erred because it failed to afford the appellant an evidentiary hearing. This argument is without merit, as [appellant's trial] counsel affirmatively advised the court that no evidentiary hearing was necessary and that the issue could be decided as a matter of law. See Pope v. State, 441 So. 2d 1073, 1076 (Fla.1983) (holding that "[a] party may not invite error and then be heard to complain of that error on appeal")); Long v. State, 183 So. 3d 342, 236 (Fla. 2016) (in order to prevail on a postconviction motion seeking to vacate a judgment and sentence following a plea based upon newly discovered evidence, the defendant must satisfy two requirements: First, the evidence must not have been known by the trial court, the party, or counsel at the time of the plea, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the defendant must demonstrate a reasonable probability that, but for the newly discovered evidence, the defendant would not have pleaded guilty and would have insisted on going to trial"); Grosvenor v. State, 874 So. 2d 1176, 1181 (Fla. 2004) ("[I]n determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as

2

whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial"); McDade v. State, 336 So. 3d 1268 (Fla. 3d DCA 2022) ("Following an evidentiary hearing, we review the denial of a motion for postconviction relief to determine whether competent, substantial evidence supports the postconviction court's findings of fact") (quoting Forbes v. State, 269 So. 3d 677, 679 (Fla. 2d DCA 2019)). See also R.O. v. State, 46 So. 3d 124, 126 (Fla. 3d DCA 2010) ("Questioning may be necessary, in the court's discretion, to ascertain the truth, or to clarify an issue"); Perry v. State, 776 So. 2d 1102, 1103 (Fla. 5th DCA 2001) ("Section 90.615(2), Florida Statutes, provides that a court may interrogate a witness, whether called by the court or a party, when required in the interests of justice. The purpose is to allow the court to ascertain the truth and clarify uncertainties. Error is committed only if it appears that the court has departed from neutrality or has expressed bias or prejudice.")