# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1267
LT Case No. 2011-33299-CFAES

_____

LEROY R. GADSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Volusia County.
Leah R. Case, Judge.

Eddie J. Bell, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Deborah A. Chance, Assistant Attorney General, Daytona Beach, for Appellee.

October 24, 2025

EISNAUGLE, J.

    Leroy R. Gadson appeals the denial of his Florida Rule of Criminal Procedure 3.850 postconviction motion premised on

newly discovered evidence.[1] In his motion, Gadson alleged that his trial counsel never conveyed a favorable plea offer.[2] The postconviction court denied relief, reasoning that trial counsel's knowledge of this offer precluded the claim.

On appeal, Gadson argues that counsel's knowledge does not preclude a newly discovered evidence claim. He relies on this court's decision in *Taylor v. State*, 248 So. 3d 280, 281 & n.1 (Fla. 5th DCA 2018), and the opinions of our sister courts in *Clark v. State*, 236 So. 3d 481, 482 (Fla. 4th DCA 2018), and *Tribbitt v. State*, 339 So. 3d 1029, 1034 (Fla. 2d DCA 2022). We affirm and certify conflict with *Clark* and *Tribbitt*.

**I**

Rule 3.850(b)(1) provides that a motion may not be filed more than two years after the judgment and sentence become final unless "the facts on which the claim is predicated were unknown to the movant *or the movant's attorney* and could not have been ascertained by the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1) (emphasis added).

We interpret the rule to require that the newly discovered fact was unknown to both the movant and the movant's attorney.[3] Of course, we are readily aware that "or" is a disjunctive term, but according to De Morgan's theorem, when it is used after a negative, both of the listed items are negated. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 119

---

[1] The motion was filed more than two years after Gadson's judgment and sentence became final.

[2] Gadson's motion alleged that he learned of the offer from his uncle, Eugene Williams, who was present, along with trial counsel, when the offer was made at a status hearing. Gadson's motion alleged prejudice, and was supported by his uncle's affidavit.

[3] We will assume, without deciding, that an unconveyed plea offer is a "fact[] on which the claim is predicated."

2

(2012).[4] "This singular-negation effect, forbidding doing *anything* listed, occurs when the disjunctive *or* is used after a word such as *not* or *without*." *Id.* At the risk of oversimplifying the theorem, in this case, "the 'or' [should] be read as an 'and' because [rule 3.850(b)(1)] requires proof of a negative." *Valadez-Lara v. Barr*, 963 F.3d 560, 567 (6th Cir. 2020).

Even without reference to the theorem, a fair reading of the rule confirms our interpretation. *USAA Cas. Ins. Co. v. Mikrogiannakis*, 342 So. 3d 871, 873 (Fla. 5th DCA 2022) ("[W]hen interpreting a legal text, we must arrive at a fair reading of the text by determining the application of [the] text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued."(internal quotations omitted)). For instance, if we reverse the roles, a reasonable reader would not understand the rule to permit a defendant to conceal a fact from counsel—only to later use that fact as newly discovered evidence. In that scenario, the fact was unknown to counsel, but it is not newly discovered in any rational sense. In sum, we agree with Judge Black that, according to the rule's plain language, "[c]ounsel's knowledge of the plea offer precludes its consideration as newly discovered." *Tribbitt*, 339 So. 3d at 1034 (Black, J., dissenting).

## II

Despite the rule's plain language, Gadson argues that our decision in *Taylor* held that counsel's knowledge does not preclude a claim based on an undisclosed plea offer. We disagree.

In *Taylor*, the postconviction court denied a motion, filed after expiration of the rule's two-year time limit, alleging an unconveyed plea offer as newly discovered evidence. 248 So. 3d at 280–81. Although we reversed, our analysis was limited to whether the

---

[4] "Under DeMorgan's Theorem the denial of the alternation [not (A or B)] is equivalent to the conjunction of the denials [not A and not B]." *United States v. One 1973 Rolls Royce, V.I.N. SRH-16266 By & Through Goodman*, 43 F.3d 794, 815 n.19 (3d Cir. 1994).

motion sufficiently alleged that the State would not have withdrawn the offer, and arguably, that part of the postconviction court's reason for denial would not be relevant to a claim based on an unconveyed plea offer. *Id.* at 281. We said nothing about whether trial counsel's knowledge of the plea offer precluded the claim.

As such, *Taylor* is not binding here. As our supreme court explained nearly a century ago, "no decision is authority on any question not raised and considered, although it may be involved in the facts of the case." *State v. Du Bose*, 128 So. 4, 6 (Fla. 1930); *see also Deblois v. Dominguez*, 390 So. 3d 51, 54 n.5 (Fla. 3d DCA 2023) ("The general rule is that issues, even jurisdictional issues, lurking in the record but not addressed do not bind the court in later cases." (citation and internal bracket omitted)); *Physicians Med. Ctrs. v. Allstate Fire & Cas. Ins. Co.*, 335 So. 3d 1284, 1289 (Fla. 1st DCA 2022) ("[I]f an issue is not argued, or though argued *is ignored by the court*, or is reserved, the decision does not constitute a precedent to be followed[.]" (citation omitted)).

Our sister courts have, of course, expressly answered this question. In *Clark*, the fourth district held that "trial counsel's knowledge of the plea offer is not imputed to [a defendant] for purposes of the newly discovered fact exception of Rule 3.850(b)(1)." 236 So. 3d at 482 (citing *Petit-Homme v. State*, 205 So. 3d 848, 849 (Fla. 4th DCA 2016)). The second district reached the same conclusion in *Tribbitt*—although it candidly acknowledged that *Clark*'s holding is inconsistent with the language of the rule. 339 So. 3d at 1032 & n.3.

We cannot follow *Clark* and *Tribbitt* because, as we have explained, the plain language of rule 3.850(b)(1) requires that the newly discovered fact be previously unknown to both the defendant and trial counsel. We therefore certify conflict with those decisions.

### III

Perhaps the rule should permit a newly discovered evidence claim based on an unconveyed plea offer despite counsel's

knowledge.    But that is not for this court to decide. Only the Florida Supreme Court has authority to amend the rule.


AFFIRMED; CONFLICT CERTIFIED.


SOUD and MACIVER, JJ., concur.
MACIVER, J., concurs specially with opinion.


_____


***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

MacIver, J., concurring specially.

I concur fully with the majority opinion. The rule clearly requires lack of knowledge by both the movant and attorney; were it otherwise then the attorney clause would be surplusage.

That said, requiring a lack of knowledge by the attorney when the alleged wrong is the attorney's failure to communicate what he knew with his client is the epitome of an absurd application of the rule. This illustrates a common interpretive trap for judges. Avoiding an absurd result is a sound principle when interpreting an otherwise ambiguous text. When, though, the text is clear, the possibility of an absurd application does not work ex-post to create an ambiguity where there otherwise is none. The commonly criticized phrasing of this error is, "the legislature (in this case Supreme Court through rulemaking) could not have possibly meant . . . [what it said]." As the majority correctly points out, that is not for this court to decide. Rulemaking, like legislation, is forward-looking and cannot predict every exception that might arise. When the need for such an exception becomes apparent it is left to the sound consideration of the forward-looking legislative or rulemaking entity.