DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRAVES LAVONE MALCOLM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-1566

[April 29, 2026]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard Isaac Bober, Judge; L.T. Case No. 062000CF019019B88810.

Traves Lavone Malcolm, Florida City, pro se.

James Uthmeier, Attorney General, Tallahassee, and Richard Chambers Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

***ON MOTION FOR CERTIFICATION OF CONFLICT***

CONNER, J.

We grant the State's motion for certification of conflict, withdraw our opinion dated February 18, 2026, and issue the following in its place.

The pro se appellant appeals the trial court's summary denial of his Florida Rule of Criminal Procedure 3.850 motion based on a claim of newly discovered evidence. Although the trial court properly denied the appellant's rule 3.850 motion as explained below, the trial court improperly failed to deny the motion without prejudice and permit the appellant to amend his motion. Thus, we reverse the trial court's order and remand for further proceedings.

*Background*

A jury convicted the appellant of armed robbery with a firearm and aggravated assault with a firearm. The trial court sentenced the appellant

to life in prison on the armed robbery charge and to ten years in prison on the aggravated assault charge. We affirmed on direct appeal and issued the mandate in 2002. *Malcolm v. State,* 812 So. 2d 425 (Fla. 4th DCA 2002).

The appellant filed numerous postconviction motions, which were denied. More than twenty-two years after his direct appeal became final, the appellant filed the present postconviction motion under review. In his motion, the appellant claimed newly discovered evidence as the exception to the two-year time bar under rule 3.850(b). More specifically, the appellant claimed that his counsel was ineffective for failing to convey a twenty-year plea offer, which he alleged he would have accepted, and the offer would not have been withdrawn by the State. He alleged that prior to trial, his trial counsel told him the only plea offer was life imprisonment. In the motion, he further alleged that he first became aware of the twenty-year plea offer when he received a letter from his trial counsel on August 6, 2024, in which counsel indicated that he "wished" the appellant had accepted the twenty-year plea offer instead of going to trial.

Below, the State, in its response, argued that the appellant failed to establish that he could not have learned of the twenty-year plea offer with the exercise of due diligence earlier than twenty-three years after trial. The State further argued that the motion was successive and legally insufficient due to the lack of a proper oath. The State argued that if the court did not deny the motion as time-barred and successive, then it should deny the motion without prejudice to file a properly sworn motion.

The trial court adopted the State's reasoning that the motion was time-barred and summarily denied the motion without leave to amend. The trial court reasoned that the appellant failed "to establish how the fact that there was a 20 year [sic] plea offer could not have been discovered until 23 years after the trial and after multiple post-conviction motions were filed in this matter." The trial court did not rule on the lack of a proper oath.

After the trial court denied the appellant's rehearing motion, the appellant gave notice of appeal.

*Appellate Analysis*

Our review of an order summarily denying a rule 3.850 motion is de novo. *Tribbitt v. State,* 339 So. 3d 1029, 1031 (Fla. 2d DCA 2022).

The appellant did not file an initial brief. In response to our show cause order, the State reiterated that the motion was not properly sworn. The

2

State next argued that the motion was legally insufficient because the appellant did not attach an affidavit from his trial counsel verifying the State made a twenty-year plea offer to the appellant. Lastly, the State maintained that the purported discovery of the plea offer did not constitute newly discovered evidence, and the appellant failed to allege facts demonstrating that the twenty-year plea offer could not have been discovered within the two-year time limit with the exercise of due diligence.

We agree with the State's argument below and on appeal that the motion was not properly sworn by the appellant because it asserted "the foregoing motion is true, and correct <u>to the best of my knowledge, understanding</u>." (emphasis added). *State v. Shearer*, 628 So. 2d 1102, 1103 (Fla. 1993). However, a defendant is entitled to an opportunity to amend a facially insufficient motion, which includes motions lacking a proper oath. *See, e.g.*, *Patterson v. State*, 240 So. 3d 123, 124 (Fla. 2d DCA 2018) (holding that defendant was entitled to amend rule 3.850 motion where there was an improper oath, among other deficiencies, in the context of a newly discovered evidence claim).

We disagree, however, with the State's argument that the purported discovery of the twenty-year plea offer did not raise a facially sufficient claim of newly discovered evidence. On that issue, our decision in *Clark v. State*, 236 So. 3d 481 (Fla. 4th DCA 2018) is controlling. There, the defendant alleged his trial counsel failed to convey a fifteen-year plea offer, and the defendant maintained that he did not learn of the offer until years after the date written on the plea offer. *Id.* at 482. The postconviction court denied the motion, finding the evidence was not newly discovered because counsel was aware of the offer. *Id.* We held (contrary to the State's position in this appeal) that "[i]n these circumstances, trial counsel's knowledge of the plea offer is not imputed to [the defendant] for purposes of the newly discovered fact exception of Rule 3.850(b)(1)."[1] *Id.* (citing *Petit-Homme v. State*, 205 So. 3d 848 (Fla. 4th DCA 2016)); *see also Tribbitt*, 339 So. 3d at 1032 (holding that a third party's knowledge of a plea offer should not be imputed to the defendant for purposes of the two-year deadline in rule 3.850(b)).

---

[1] We acknowledge that the Fifth District has certified conflict with *Clark*'s and *Tribbitt*'s holdings that "trial counsel's knowledge of the plea offer is not imputed to [a defendant] for purposes of the newly discovered fact exception of Rule 3.850(b)(1)." *Gadson v. State*, No. 5D2025-1267, 2025 WL 2989578 at *2 (Fla. 5th DCA Oct. 24, 2025).

The State is correct that the motion was facially deficient for failure to comply with Florida Rule of Criminal Procedure 3.850(c)(7).[2]  The rule makes clear that:

> [f]or all other newly discovered evidence claims, the defendant shall attach an affidavit from any person whose testimony is necessary to factually support the defendant's claim for relief. If the affidavit is not attached to the motion, the defendant shall provide an explanation why the required affidavit could not be obtained.

Fla. R. Crim. P. 3.850(c)(7).  Here, the appellant's motion attached the letter he received from his trial counsel in August 2024, purportedly alerting him that there was a twenty-year plea offer by the State in this case.  However, the appellant's motion did not attach an affidavit from trial counsel confirming that the twenty-year plea offer had been made and that trial counsel had failed to convey the twenty-year plea offer to the appellant.  We also note that trial counsel's handwritten letter attached to the motion appears to mention files for other cases, yielding a possible inference that trial counsel may have represented the appellant on other cases, and the reference to the twenty-year offer may apply to another case.  Additionally, the appellant's motion offers no explanation why the affidavit by his trial counsel is not attached.

Thus, the State is correct that the appellant's most recent rule 3.850 motion was properly denied for noncompliance with rule 3.850(c)(7). However, as discussed above, the appellant is entitled to at least one opportunity to amend his rule 3.850 motion to correct the deficiency of failure to comply with rule 3.850(c)(7).  *See, e.g., Patterson*, 240 So. 3d at 124.

*Conclusion*

The record supports the denial of the appellant's rule 3.850 motion for failure to be properly sworn and to attach the affidavit required by rule 3.850(c)(7) or explain why the required affidavit could not be attached. However, as we have explained, the denial was improper in that appellant was not afforded the opportunity to correct the deficiencies.  Thus, we reverse the trial court's order and remand for further proceedings

---

[2] Rule 3.850 was amended September 25, 2025, effective January 1, 2026.  The pertinent language in former rule 3.850(c)(7) is now found in rule 3.850(d).  *In re Amends. to Fla. Rules of Crim. Proc. 3.850 & 3.853*, 419 So. 3d 629 (Fla. 2025).

consistent with this opinion. We express no opinion as to the merits of the appellant's newly discovered evidence claim.

Because our analysis relies in substantial part on our prior opinion in *Clark v. State*, 236 So. 3d 481 (Fla. 4th DCA 2018), we grant the State's motion to certify conflict, and certify conflict with the Fifth District's recent opinion in *Gadson v. State*, No. 5D2025-1267, 2025 WL 2989578 (Fla. 5th DCA Oct. 24, 2025).

*Reversed and remanded for further proceedings; conflict certified.*

CIKLIN and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***